————o————

THE STATE OF MISSOURI, Respondent, *vs.* A. L. PERRINE, Admr. of estate of J. M. HALE, deceased, Appellant.

1. *Practice, criminal—Appeal—Death of defendant—Effect of.*—Where pending appeal taken upon a conviction for misdemeanor defendant dies, the suit cannot be revived against his administrator, but must abate and the appeal will be dismissed. (Wagn. Stat., p. 1114, ¿ 12.)

*Appeal from Platte Circuit Court.*

*John Doniphan,* for Appellant.

WAGNER, Judge, delivered the opinion of the court.

James Hale was indicted for a misdemeanor, in selling liquor without a license. Upon a trial he was convicted and appealed to this court. Pending the appeal he died, and the case has been revived in the name of his administrator, who is now made a party to the record. We know of no law continuing a prosecution against a dead man. The statute provides, that when an appeal or writ of error shall be prosecuted from the judgment, in a case of misdemeanor, the recognizance shall be conditioned, that the defendant shall appear in the court in which the judgment was rendered, at such time and place as the Supreme Court shall direct, and that he will render himself in execution, and obey every order and judgment which shall be made in the premises. (Wagn. Stat., 1114, § 12.

When the party is dead it is impossible for him to comply with the stipulations of the bond, or obey the mandate of the court. The case was thereby necessarily abated, and it must be dismissed. All the judges concurring.