Argued November 10; decided December 21, 1896.

## STATE v. MARTIN.
### (47 Pac. 196.)

CRIMINAL LAW—ABATEMENT OF APPEAL BY DEATH.—An appeal from a conviction of a crime abates on the death of the defendant, and it cannot be prosecuted to a final determination by the personal representatives of the accused, even though the abatement leaves in force a judgment for costs, enforceable against his estate.

Motion to abate an appeal on account of the death of the defendant. The personal representatives of the deceased appeared to resist the motion, because it would leave in force against the estate a judgment for costs in favor of the State.

APPEAL ABATED.

For the motion there was an oral argument by *Mr. Cicero Milton Idleman,* Attorney-General.

*Contra* there was an oral argument by *Mr. Alfred S. Bennett.*

Opinion by MR. JUSTICE BEAN.

The defendant, E. Martin, was convicted and sentenced to the penitentiary for the crime of forgery. From this judgment he appealed, but died before the cause could be heard in this court. His death having been suggested, the attorney-general moves for an order abating the appeal. This motion must be allowed. There is no right of appeal in any case unless given either by statute or some rule of common law; and we are advised of no common law rule or statutory enactment authorzing the prosecution of an appeal in a criminal case in this State by the personal representatives of a deceased defendant. At common law such an appeal could be brought by the heirs or executors to reverse an attainder of treason or felony (Bishop's Criminal Procedure, § 1363); but this was upon the principle that the effect of such attainder was to work the forfeiture of the estate, and thereby take from the heirs or executors, and give to the government, property belonging to them as representatives of the deceased person, and for this reason it was held that they had such an interest in the forfeited estate and judgment as entitled them to prosecute the appeal in their own right. In no other instance, it is believed, can there be found affirmative authority in the common law for the prosecution of an appeal in a criminal action by the representatives of a deceased defendant; and, since our constitution provides that "No conviction shall work corruption of blood or forfeiture of estate" (Art. I, § 25), it is clear the right to prosecute this appeal cannot be supported under the common law, and, as there is no statute authorizing such a procedure, it is manifest that the cause cannot now be heard. Indeed, to take any further proceeding in this case would be a vain and useless thing. If the appeal is to be heard, we must either affirm the judgment and order its execution, or reverse it and order a new trial; but in neither case could the judgment be carried into effect.

because there is no person in existen upon whom it could operate. If affirmed, it could not be enforced against the personal representatives of the deceased by confinement during the term of the sentence; and, if reversed, there is no person to try. In a civil action the judgment may be enforced by or against the personal representatives of the parties, and hence, under the statute (Hill's Code, § 38), the action does not abate by the death of a party if the cause of action survive or continue. But in a criminal action, the sole purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is argued, however, that there is a judgment in this case for costs which can be enforced against the defendant's estate, and for that reason his personal representatives have a right to prosecute this appeal. But costs are only incidental to the real question in issue, and are recovered or not, according to the determination of such question. In criminal proceedings they result solely as a legal consequence from the judgment of conviction, and, unless the judgment itself can be reviewed on appeal after the death of the defendant, it is manifest that a mere incident thereto cannot be so reviewed. The questions involved in this case were directly presented in *O'Sullivan* v. *People*, 144 Ill. 604 (32 N. E. 192); and *Herrington* v. *State*, 53 Ga. 552. In each of these cases the defendant died after the cause had been submitted to the appellate court for decision, and the right to continue them in the name of a personal representative of the deceased was denied; the courts refusing to proceed any further in the matter, or pronounce any decision in the cases. It follows that this appeal must abate, and it is so ordered.

APPEAL ABATED.