## Commonwealth v. Crowley.

*Appeals—Criminal law—Death of defendant—Abatement of appeal.*
Where a defendant in a criminal case dies pending his appeal to a higher court, the appeal is abated.

Appeal No. 2, March T., 1905, by Michael Crawley, from judgment of Q. S. Clinton Co., on verdict of guilty in case of Commonwealth v. Michael Crowley.    Appeal abated.

From the record it appeared that after the appeal was taken the appellant died.

*R. B. McCormick* and *W. C. Kress,* for the commonwealth. —The appeal abated on the death of the defendant: O'Sullivan v. People of Illinois, 144 Ill. 604 (32 N. E. Repr. 192) ; State v. Perrine, 56 Mo. 602; Pustiofsky v. State, 28 S. W. Repr. 947 ; Hardin v. State, 36 S. W. Repr. 82 ; Harrington v. State, 53 Ga. 552 ; Hale v. Com. 71 S. W. Repr. 902 ; State v. Martin, 30 Oregon, 108 (47 Pac. Repr. 196).

PER CURIAM, October 9, 1905 :
This appeal was argued on March 7, 1905, and was held under advisement.    Before a decision was rendered, it was shown to us, by suggestion of the district attorney in writing, duly filed, that the appellant died on or about March 13, 1905. It is clear, both upon reason and authority, that under such circumstances, the appeal abates and that nothing remains for the appellate court to do but to make the formal order to that effect.

Now October 9, 1905, the appeal is abated.