### UNITED STATES v. MITCHELL.

(Circuit Court, D. Oregon. September 2, 1908.)

No. 2,902.

1. FINES—EFFECT OF DEATH OF DEFENDANT.

The purpose of a fine imposed in a criminal case is the punishment of the defendant personally for the offense of which he has been convicted, and, while the federal statutes provide for the collection of a fine by execution as in case of civil judgments, there is no provision making it a debt, and, where a defendant upon whom a fine has been imposed by a federal court dies before the fine has been paid or collected, the cause abates, and the fine cannot be collected from his estate.

**2.** WORDS AND PHRASES—"FINE."

A fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2811–2813.]

**3.** SAME—"IMPRISONMENT."

Imprisonment, in its general sense, is the restraint of one's liberty. As a punishment it is a restraint by judgment of a court or lawful tribunal, and is personal to the accused.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3445–3447.]

John McCourt, U. S. Atty.

Bauer & Greene, for D. M. Dunne, administrator of the estate of John H. Mitchell, deceased.

WOLVERTON, District Judge. On July 25, 1905, the late Senator John H. Mitchell was sentenced by this court to a term of imprisonment and to pay a fine of $1,000 for a violation of section 1782, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1212). The cause was taken to the Supreme Court on writ of error, and while pending the defendant died. Thereupon, upon the suggestion of counsel for defendant, the court dismissed the writ without further hearing or proceedings had. Subsequently the government, through the district attorney, presented a claim to the administrator of the estate of deceased for the amount of the fine with accrued interest, and the administrator now appears by motion in this court to have the entire proceeding against the deceased abated, and the fine canceled.

The sole question for consideration is whether the cause abated by the decease of the defendant, so that the government is not now entitled to receive or recover the fine imposed from the deceased's estate. Undoubtedly an appeal or writ of error to a higher court is abated by the death of the defendant in a criminal cause; and this because no further proceedings can be had against a dead person. He cannot appear, either in person or by counsel; nor can he be required to obey the orders and judgments of the court touching his person. State v. Martin, 30 Or. 108, 47 Pac. 196; O'Sullivan v. People, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143; Overland C. M. Co. v. People, 32 Colo. 263, 75 Pac. 924, 105 Am. St. Rep. 74; Herrington v. State, 53 Ga. 552. Upon the other hand, a cause taken to an appellate tribunal by writ of error leaves the judgment of the lower court for the time being undisturbed and still in force. This has been distinctly determined by the Supreme Court in Railway Co. v. Twombly, 100 U. S. 78, 25 L. Ed. 550. The court there says:

"A writ of error to this court does not vacate the judgment below. That continues in force until reversed, which is only done when errors are found in the record on which it rests, and which were committed previous to its rendition."

See, also, to the same purpose Sharon v. Hill (C. C.) 26 Fed. 337; In re Kirby (D. C.) 84 Fed. 606.

Ordinarily, therefore, the abatement or dismissal of the appeal or writ of error for any cause will leave the judgment below as it was

prior to the removal of the cause to the higher court; that is, in full force and effect. But that does not suffice to dispose of the present controversy. The question comes back to an inquiry as to the effect of the death of the defendant upon the judgment rendered in his life time imposing a fine as a punishment. The law affords certain remedies or process for enforcing a criminal judgment. These are to be sought for by a reading together of the federal and state statutes relating to the subject. By section 1041 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 724) it is provided that:

"In all criminal or penal causes in which judgment or sentence has been or shall be rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, the said judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced: Provided, That where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid."

Under the state statutes the state is accorded a lien from the time of the commission or attempt to commit a felony upon all the property of the defendant, for the purpose of satisfying any judgment which may be given and rendered against him for any fine on account thereof, or for costs and disbursements of the proceeding. Section 2168, B. & C. Comp. Provision is then made, if the judgment be that the defendant pay money, either as a fine or costs and disbursements, or both, for its docketing and enforcement, in manner as provided by the Code of Civil Procedure. Sections 1445, 1459, B. & C. Comp. So that, reading the statutes of the two jurisdictions in pari materia, we find that a judgment imposing a fine in the federal court is to be enforced in like manner as a judgment in a civil action in the state court. These statutes do not define or determine the nature or effect of the judgment rendered. They afford merely a remedy, or definite process whereby it may be regularly enforced, so that in point of relevancy they do not aid us greatly in solving the direct issue before us.

If we could know the real nature of the judgment involved here, we would then be enlightened. "A fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor." This is the definition of the term "fine" as given by Bouvier, and adopted by 19 Cyc. p. 544. Imprisonment, in its general sense, is the restraint of one's liberty. As a punishment it is a restraint by judgment of a court or lawful tribunal, and is personal to the accused. It is a thing self-evident, therefore, that the death of a person upon whom such a judgment is imposed would put an end to an infliction or enforcement of the punishment. A fine being a pecuniary punishment imposed upon the person, it would seem that a like result would follow. If the accused should die before the punishment was in reality enforced or inflicted, he could not be pecuniarily mulcted or punished in person after he had ceased to exist. In passing judgment, whether of imprisonment or fine, it is the purpose of the court and the law that the accused be personally punished for the amendment of his life and of his deportment in the future, and to deter others from com-

mitting like offenses. If it be a personal infliction at the time of passing judgment, when, after judgment, does it cease to be personal? Does it cease at the time of docketing, or at the time of the issuance and service of the execution, or of making the writ, or at any time? The answer is plainly that by no act in the enforcement of the judgment does it lose its original character as a personal infliction of punishment. If the fine is made out of his property, then as to that he is punished; but, if made out of the property that has descended to his heirs, or devised to his legatees, then it would seem he is not punished, for his day of temporal punishment has passed. It is, perhaps, within the power of Congress to constitute a fine a debt due from the accused, in the same relation as an ordinary debt, so that his estate, in case of his death, would be beholden for its payment. But this it has not done, nor attempted to do. It has provided merely a process for the enforcement of the fine as a fine, but not as a debt. I am of the view, therefore, that, by the death of Senator Mitchell, the cause abated entirely, so that no enforcement of the payment of the fine imposed can be made out of his estate. This conclusion is supported by United States v. Pomeroy (C. C.) 152 Fed. 279, the only case fairly in point to which my attention has been called. In speaking to the question in that case the court says:

"It [the fine] was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense."

As opposed to this view, Whitley v. Murphy, 5 Or. 328, 20 Am. Rep. 741, is cited and relied upon. There is involved in this case, however, the costs and disbursements of the cause only, not the fine; and I am not sure that the decision would have been the same if both had been the subject of the controversy. In the later case of State v. Martin, supra, it would seem that the court was of the opinion consonant with the view I have here adopted, for Mr. Justice Bean says in speaking for the court:

"But in a criminal action, the sole purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death."

It may be that the remark was unnecessary to a decision of the cause, but it indicates the trend of thought in relation to the subject, and, being the utterance of so eminent a jurist, is worthy of much weight.

The judgment of the court will be that the entire cause is abated, and that the fine imposed is not a subsisting claim or demand against the estate of the deceased.