## Commonwealth v. Dunn, Appellant.

*Appeals—Death of appellant—Abatement of the appeal—Criminal law —Violation of liquor law.*

Where on an appeal from a conviction for selling liquor without a license, it is made to appear by affidavit, to the appellate court that the appellant died after the appeal was taken, a formal order that "the appeal is abated," will be entered.

Argued May 6, 1914. Appeal, No. 144, April T., 1914, by defendant, from judgment of Q. S. Indiana Co., Dec. Sessions, 1913, No. 83, on verdict of guilty in case of Commonwealth v. James Dunn. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Appeal abated.

Motion to abate appeal on the ground of the death of the appellant since the appeal was taken.

*A. M. Neeper*, with him *J. Wood Clark* and *J. W. McFadyen*, for appellant.—Neither at common law nor by statutory enactment do criminal actions survive. Death of a person under indictment or convicted of a crime or misdemeanor immediately puts an end to all proceedings involved in the indictment, prosecution and punishment of the person charged with the commission or convicted of the commission of the offense specified. A fine is a part of the penalty imposed by sentence and judgment after a verdict of guilty in a criminal proceeding, and where the sentence and judgment carries

imprisonment and the imposition of a pecuniary fine, the death of the defendant, pending his appeal from his sentence, abates the action and remits the payment of fines and costs imposed as a penalty: List v. Com., 131 U. S. 396; List v. Com., 118 Pa. 322; Com. v. Crowley, 28 Pa. Superior Ct. 618.

After a very exhaustive search, the following cases are believed to be all of the cases considering the question of abatement of an appeal in a criminal case where the defendant died after the appeal had been perfected: Herrington v. State, 53 Georgia, 552; State v. Fisher, 37 Kan. 404; State v. Ellvin, 51 Kan. 784.

By statute in Kansas fines and costs in liquor cases are expressly made liens upon the real estate of the defendant. See Dassler's General Statutes of Kansas, 1909, sec. 4375, chapter 58, Intoxicating Liquors, p. 981.

In 20 L. R. A. 143, a brief printed in connection with the case of O'Sullivan v. Illinois, pretty thoroughly covers the subject: Hale v. Com., 24 Ky. Law, 1573 (71 S. W. Repr. 902); State v. Martin, 30 Ore. 108 (47 Pac. Repr. 196); State v. Perrine, 56 Mo. 602.

*John H. Pierce,* with him *W. F. Elkin,* for appellee.

OPINION BY RICE, P. J., May 14, 1914:

When this appeal was reached for argument the gentlemen who were attorneys for the appellant in his lifetime, filed a suggestion, verified by affidavit, that he died on April 10, 1914, and thereupon moved the court to direct that the appeal abate, that the sureties upon the bonds for appeal and supersedeas be discharged from liability, that the estate of the said deceased appellant, if any he has, be discharged from the fine imposed upon him and from the costs of prosecution in the court below, and that all bonds upon appeal and supersedeas be surrendered for cancellation. The fact of the appellant's death was tacitly admitted by counsel for the commonwealth. A similar question arose in Com.

*v.* Crowley, 28 Pa. Superior Ct. 618, and we held there that under such circumstances the appeal abates and nothing remains for the appellate court to do but to make the formal order to that effect. See List v. Pennsylvania, 131 U. S. 396; O'Sullivan v. People, 144 Ill. 604; Herrington v. State, 53 Ga. 552; Hardin v. State, 36 S. W. Repr. 82; State v. Perrine, 56 Mo. 602; State v. Martin, 30 Oregon, 108; Pustiofsky v. State, 28 S. W. Repr. 947.

After reconsideration of the question and re-examination of the above and other cases bearing upon it, we are all of opinion that the foregoing conclusion is sustained by principle, and also by the best-considered precedents in jurisdictions where there is no statute governing the subject. The question as to the effect of the death of the appellant and the consequent abatement of the appeal is elaborately discussed in O'Sullivan v. People, 144 Ill. 604, and State v. Martin, 30 Ore. 108.

Now May 14, 1914, it having been made known to the court that James Dunn, the appellant, died on April 10, 1914, the appeal is abated.