## ROSSI v. UNITED STATES (two cases).

Circuit Court of Appeals, Eighth Circuit.
March 22, 1927.

Nos. 7470, 7473.

1. **Criminal law ⬅303—Criminal cause abates by death of defendant before entry of judgment.**

In criminal cases, cause of action abates by death of defendant before entry of judgment therein.

2. **Costs ⬅317—Criminal law ⬅1070—On death of defendant before judgment writ of error will be dismissed without costs.**

Where criminal prosecution is abated by death of defendant before entry of judgment, writ of error therefrom will be dismissed without costs to either party.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Caroline Rossi was convicted of a crime in two separate prosecutions, and she brings error, and Charles Costabile, as the administrator of the estate of Caroline Rossi, deceased, filed a suggestion of the death of defendant, and asked leave to be made party to the record for the purpose of joining in the petition for a rehearing. Judgments vacated, and writs of error dismissed.

For former opinion, see 16 F.(2d) 712.

Philip Hornbein and Theodore Epstein, both of Denver, Colo., for plaintiff in error.

George Stephan, U. S. Atty., and Forrest C. Northcutt, Asst. U. S. Atty., both of Denver, Colo.

PER CURIAM. In these causes Charles Costabile, administrator of the estate of Caroline Rossi, deceased, has filed a suggestion of the death of the plaintiff in error, and asks leave to be made a party to the record so that he can join in the petition for a rehearing.

[1] It appearing that the plaintiff in error in these causes, Caroline Rossi, departed this life on November 8, 1926, before the entry of judgments by this court herein on December 20, 1926, and that this court was not advised of such demise before entry of judgments, it is now here ordered and adjudged by this court that the said judgments of December 20, 1926, in these causes, be, and they are each hereby, vacated, set aside, and held for naught, and, it further appearing that these are criminal cases, it is considered by this court that these causes abated by the death of the plaintiff in error.

[2] Therefore it is further ordered and adjudged by this court that the writs of error in these causes be, and they are each hereby, dismissed, without costs to either party in this court. List v. Pennsylvania, 131 U. S. 396, 9 S. Ct. 794, 33 L. Ed. 222; United States v. Pomeroy (C. C.) 152 F. 279; United States v. Mitchell (C. C.) 163 F. 1014; United States v. Dunne (C. C. A.) 173 F. 254, 19 Ann. Cas. 1145; Pino v. United States (C. C. A.) 278 F. 479. And it is further ordered that the mandates of this court in these causes issue forthwith to the said District Court.