## Commonwealth v. Embody.

*W. G. Schrier*, county solicitor, for Commonwealth.
*Frank A. Bell* and *Lilley & Wilson*, for petitioner.

CULVER, P. J., January 27, 1940.—Charles Embody, the above defendant, was indicted in this county for sodomy and entered a plea of guilty to an attempt to commit sodomy, and was, on December 9, 1937, sentenced to pay the costs of prosecution, a fine of $1,000, and undergo

imprisonment by separate or solitary confinement at labor in the Eastern Penitentiary for the indefinite period of not less than two years and not to exceed five years.

Twenty-one days after his sentence, to wit, December 30, 1937, the said Charles Embody died in prison. The fine and costs remaining unpaid and the original judgment of the court of oyer and terminer imposing the fine standing in full force, the county solicitor on February 25, 1939, caused a certified record of the above case and judgment to be filed in the Court of Common Pleas of Bradford County, according to the provisions of the Act of May 8, 1901, P. L. 143.

On July 3, 1939, the executrix of the estate of Charles Embody filed a petition in this court to the above number and term, asking for a rule upon plaintiff to show cause why the judgment entered in this case to the above number and term should not be stricken off, and to have such other order as the court shall deem just and lawful.

The reason assigned for asking for this rule to strike off the judgment was the death of Charles Embody, which it was alleged, and still is alleged, causes the entire proceeding to abate and nullifies the judgment.

In that proceeding the court, on October 2, 1939, filed an opinion and made an order discharging the said rule to strike off, and granted a rule upon the Commonwealth to show cause why the above judgment should not be opened and defendant let into a defense. At the time these proceedings were instituted to invalidate the above-mentioned judgment, both counsel and court seemed uncertain as to the procedure in the matter and also as to whether or not the death of Embody was a satisfaction of the judgment. Since that time, numerous arguments have been heard. Counsel, representing the respective interests, have made diligent research and the court has, likewise, spent much time in examining the questions, and now is as uncertain as in the beginning.

There is no question that, had an appeal been pending at the time of the death of Charles Embody, his death

would have abated the entire proceeding and sentence; such, however, is not the case; the term at which the sentence was imposed ended, and several terms of court intervened before anything was done or any action taken in relation to this judgment, and we, therefore, now are concerned with the questions:

(*a*) Did the death of Charles Embody abate this judgment?

(*b*) If so, what is the proper proceeding in this court to adjudicate that question?

In United States v. Pomeroy, 152 Fed. 279, we found a case apparently like the instant case. In that case, Holt, District Judge of the Southern District of New York, held that the death of defendant abated the judgment and that an order should be entered declaring that the proceedings and judgment have abated and are no longer of any validity, saying (p. 283) :

"I have had some doubt whether this court should make an order declaring the judgment and the proceedings abated, or whether it should leave the matter to be determined in some other court if an attempt should be made to collect the judgment. But it is certainly just to the representatives of the estate that the question should be determined, and I think it may as properly be determined by the court which rendered the judgment as by some other tribunal. The government has had notice of this motion, and has been heard upon it, and in my opinion this court has power to declare that all the proceedings in this case and the judgment entered therein against the defendant Pomeroy were abated by his death.

"My conclusion is that an order should be entered declaring that the proceedings and the judgment have abated, and are no longer of any validity."

When we examined this case, we thought we had a guiding star as to the practice, at least, but to our surprise, we find that the Circuit Court of Appeals for the Second Circuit reversed the case in 164 Fed. 324, on the

ground that, as the term at which the original fine was imposed had ended, the court imposing the fine had no power thereafter to nullify or change the judgment, Circuit Judge Noyes saying at page 325:

"The order declares the judgment of no validity. But when it was entered the court had lost control of the judgment. It was a final judgment, and the term at which it was rendered had expired before any steps were taken. The court had no power to make the order, and its action in making it was erroneous. . . .

"We are asked to determine whether the death of Mr. Pomeroy operated to vacate the judgment. But the question does not arise. If the death in itself vacated the judgment, the order was unnecessary. If it did not have that effect, the order was necessary, provided the court had had power to make it. But, necessary or unnecessary, the order was erroneous, because it affected a judgment over which the court had no control."

We are not certain by what process the question before us can be properly raised. If the judgment abated by the death of Embody, there must be some proceeding by which it can be officially so declared, that it will no longer be an apparent lien upon the property of his estate. Attorneys representing all parties interested have agreed, at the suggestion of the court, that the rule in this case now be amended to a rule to show cause why the above judgment shall not be declared abated and satisfied, and we thus amend the rule in that form.

We have been unable to find any Pennsylvania case deciding the question before us. There are numerous cases holding that the death of a defendant in a criminal case after sentence and judgment, but while an appeal is pending, abates the entire proceedings, but we have been unable to find any Pennsylvania authority, nor has any been called to our attention, establishing a rule or determining the question where a defendant had pled guilty,

been sentenced and, subsequent to the sentence, died, with the judgment unappealed from.

The general discussion in textbooks and in authorities is to the effect that a fine imposed as part of a sentence in a criminal action is a punishment to the individual and if the individual dies before the fine is paid it would be punishing his family to compel them to pay the same.

In Commonwealth, to use, v. Moran, 251 Pa. 477, which was affirmed on the opinion of the lower court, we find a case in which one convicted of fornication and bastardy was sentenced to pay a fine, costs of prosecution, and $2.50 per week for five years for the maintenance of the child, and to enter into a bond with surety in the sum of $500. The fine, costs, and lying-in expenses were paid and the bond given with a surety. About a year later the principal in the bond died, having paid all the $2.50-per-week payments up to the date of his death. Suit was then begun on the bond to collect from the surety, and the question was raised that the death of the principal (defendant in the criminal case) abated the judgment and relieved the surety from all liability. The lower court, on whose opinion the case was affirmed, inter alia, said (p. 483):

"In our own case of Com. v. Dunn, 57 Pa. Superior Ct. 162, we held that the death of the defendant after conviction and sentence and before the hearing of his appeal in this court, necessarily abated that appeal and ended the proceeding, and this would be true no matter how manifest the errors disclosed by the record which attended the entry of the judgment appealed from. Could the Commonwealth then, after the death of the sentenced defendant, successfully invoke the process of the courts to compel the performance by his heirs, his surety, or other person of that portion of his sentence which, by the interposition of an act of God, he was no longer able to perform? All of these lines of reasoning seem to converge to the support of the proposition that the death of one convicted in and sentenced by a criminal court worked

a discharge of every obligation imposed by and rooted in his sentence."

The county solicitor contends that the above-mentioned judgment, being a judgment now in the court of common pleas by reason of its certification from the court of oyer and terminer, is a judgment of such character that the death of defendant can have no effect, and cites Commonwealth, to use, v. Rarick, 66 Pa. Superior Ct. 162, in support thereof. After consideration of the many authorities we have read and of the oral arguments of counsel and briefs submitted, we are of opinion that the precise question now before us is not ruled by any Pennsylvania case, and we trust that this case may reach the appellate court that the law may be authoritatively declared. While we approach the decision with a feeling of uncertainty, it is our judgment that under all the facts and the law, the death of Charles Embody abated the original sentence and judgment and, likewise, the same judgment when certified into the court of common pleas, and that it should be officially declared abated and satisfied.

We are of opinion that all costs which accrued prior to the death of Charles Embody stand on a different basis than the fine which was imposed as a penalty or punishment, and that such costs which accrued prior to Embody's death do not abate by reason of his death.

*Order*

And now, to wit, January 27, 1940, after due and most careful consideration, it is ordered that the rule in this case, as amended, to show cause why the above judgment and the parent judgment in the court of oyer and terminer shall not be declared abated and satisfied, insofar as the fine and all costs which have accrued since the death of Charles Embody are concerned, is made absolute, and the rule, insofar as all costs which accrued prior to the death of Charles Embody and the judgment for such costs are concerned, is dismissed.