### UNITED STATES v. KNETZER.
### Crim. A. No. 5120.

United States District Court
S. D. Illinois, S. D.
Jan. 6, 1954.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., for the United States.

Gillespie, Burke & Gillespie, Giffin, Winning, Lindner, & Newkirk, Wm. F. Fuiten, Springfield, Ill., for sureties on bond.

PLATT, District Judge.

Robert L. Knetzer was found guilty of concealing assets from his trustee in bankruptcy in violation of Title 18 U.S.C.A. § 152. He was sentenced to five years imprisonment, $5,000 fine, and to pay costs. The court in accordance with Rule 46(a) (2), Fed.Rules Crim.Proc., 18 U.S.C.A., admitted Mr. Knetzer to bail, requiring an appearance bond which also included a provision for the payment of fine and costs. Rule 38(a) (3), Fed. Rules Crim.Proc. While Mr. Knetzer was on bail and the appeal was pending he died. The United States Court of Appeals, Seventh Circuit, issued a mandate to the District Court which stated in part:

"It having been shown of record that the sole appellant Robert L. Knetzer died on August 25, 1953; that the appeal is one which can be prosecuted only by said deceased; that no right of appeal exists or can exist in any other person and that the appeal is, by said death, fully and entirely abated, now, therefore, upon stipulation of counsel, the appeal is because of such abatement dismissed."

The United States applied to this court for forfeiture of the bond and judgment against the sureties after making a written demand for payment of fine and costs on each of them.

The question presented is whether the forfeiture of the bond should be declared against the sureties after the death of the principal. The obligation of the supersedeas bond was to pay the fine and costs assessed against the principal. The prosecution abated upon the death of the defendant. Singer v. United States, 323 U.S. 338, 346, 65 S.Ct. 282, 89 L.Ed. 285; United States v. Dunne, 9 Cir., 173 F. 254, affirming United States v. Mitchell, C.C., 163 F. 1014. The punishment or judgment was imposed upon the defendant personally as a result of the prosecution and abated upon his death. Pino v. United States, 7 Cir., 278 F. 479; United States v. Pomeroy, C.C., 152 F. 279, reversed on other grounds 2 Cir., 164 F. 324; United States v. Dunne, supra. The fine is a part and parcel of the judgment or punishment, and also abated upon the death of the defendant. United States v. Dunne, supra; United States v. Mitchell, supra. The fine was not a debt of the deceased, nor could it be collected from his estate. Dyar v. United States, 5 Cir., 186 F. 614, 623; United States v. Mitchell, supra; United States v. Pomeroy, supra. This is based upon sound reason, since the administrator has no right to pursue the appeal in a criminal case. United States v. Mook, 2 Cir., 125 F.2d 706; Rossi v. United States, 8 Cir., 21 F.2d 747; O'Sullivan v. People, 144 Ill. 604, 32 N.E. 192, 20 L.R.A. 143. Inasmuch as the obligation of the bond is to pay the fine to the United States, and the fine has become extinct, the government has nothing to collect, and the sureties are released.

The same reasoning applies to the costs which are incidental to the judgment in a criminal proceeding. O'Sulli-

van v. People, supra; State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 96 A.L.R. 1317.

Forfeiture is therefore denied and order will be entered accordingly.