## Commonwealth v. Lewis, Appellant.

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Charles W. Bowser,* with him *Hazell and Bowser,* for appellant.

*William H. Wolf, Jr.,* Assistant District Attorney, with him *Thomas M. Reed* and *Domenick Vitullo,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 16, 1960:

Appellant and co-defendant, Sylvester Thompson, were indicted on charges of burglary, larceny, receiving stolen goods, and conspiracy. Thompson, who was tried separately, pleaded guilty to the charge of conspiracy and burglary. Appellant waived trial by jury, was convicted and sentenced to serve not less than three nor more than ten years in Eastern State Penitentiary. Sentence was suspended on the conspiracy charge.

The Commonwealth bases its case upon the following facts: During the night of January 28, 1960, an electrical appliance store located in Philadelphia was burglarized. There was a theft of merchandise and money amounting to approximately $150.00. On January 30, 1960, Sylvester Thompson was arrested in the basement of the store and admitted he had been hiding there since the burglary. Thompson told the arresting officers, repeating his story later to an investigating detective, that the appellant and another person had been involved in the burglary with him.

On the basis of Thompson's story, the appellant was arrested and interrogated. He denied knowing Thompson until he later was confronted with him, and then on further questioning he admitted previously living at Thompson's home for several months. The appellant denied that he was anywhere near the burglarized store but did not at that time offer any explanation as to his whereabouts or identify his companions on the evening of the burglary. At the trial he completely denied the charges and presented in his defense five witnesses to corroborate his testimony to establish an alibi.

The trial judge, acting in the place of the jury, found the testimony of the appellant entirely unconvincing, particularly for the reason that he did not

mention his alibi at the time of his arrest, and, although he did not believe that the alibi witnesses were lying, concluded that they were possibly mistaken as to the particular date.

The appellant contends that the lower court's reasons for reaching the verdict of guilty indicate that the verdict was against the weight of the evidence. We can find no merit in this contention. The complicity of the appellant in the conspiracy and burglary was proved to the trial judge's satisfaction by the testimony of Sylvester Thompson, which was subjected to strenuous attack by the defense. It was not error for the trial judge to give an accomplice's testimony greater weight as to credibility than that of the appellant's alibi witnesses. Acceptance of such testimony as creditable evidence is a determination reserved solely for a jury. *Commonwealth v. Jackson*, 187 Pa. Superior Ct. 2, 144 A. 2d 249. Where the accused has agreed to a trial before a judge without a jury, the judge's findings and verdict has the same force and effect as a verdict of a jury, the credibility of witnesses is for him, and his finding can not be disturbed if the evidence is sufficient to establish guilt beyond a reasonable doubt. *Commonwealth v. Salkey*, 188 Pa. Superior Ct. 388, 147 A. 2d 425. The conflict of evidence here between the denial of guilt, with the corroboration of the alibi witnesses, and the testimony presented by the Commonwealth is purely a question of fact for the determination of the trial judge sitting as a jury. The trial judge indicated, when he disposed of the appellant's motion for a new trial, that he had scrutinized the evidence offered by Thompson with an extremely critical eye but was still persuaded that Thompson was telling the truth.

The Commonwealth further proved that the appellant lied to the authorities in his denial that he knew

512

Thompson. The fabrication of false and contradictory accounts by an accused criminal for the sake of diverting inquiry or casting off suspicion is a circumstance always indicative of guilt. *Commonwealth v. Homeyer,* 373 Pa. 150, 94 A. 2d 743.

Whether a verdict is against the weight of the evidence is a question for the trial court, and refusal of a new trial on that ground is reversible on appeal only for an abuse of discretion. *Commonwealth v. Ransom,* 169 Pa. Superior Ct. 306, 82 A. 2d 547; *Commonwealth v. Fields,* 171 Pa. Superior Ct. 177, 90 A. 2d 391. There is sufficient evidence here to support the findings and verdict of the court below. Appellant has not shown any reversible error which would entitle him to a new trial.

Judgment and sentence affirmed.