Commonwealth *v.* Culpepper, Appellant.

Argued March 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Bruce E. Cooper,* with him *Richard S. Friedman,* and *Cooper, Friedman and Friedman,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 16, 1972:

On March 25, 1969, appellant together with a co-defendant, Leslie Williams, was brought to trial in Dauphin County on charges of rape and other related offenses. Appellant and his co-defendant waived their right to a jury trial, and the trial commenced before the trial judge sitting without a jury. The Commonwealth called three witnesses, including the minor prosecutrix. When the trial reconvened the following day, the trial court and counsel for the defendants engaged in the following colloquy: "THE COURT: Because of matters which have developed which were unknown to the Court and unanticipated by the Court when it agreed to hear this case on a waiver of a jury trial, the Court at this moment states that it now declines to further hear the case on a waiver, and will direct that the case be heard on a trial by jury hereby fixed for the first day of the June Sessions of Criminal Court, which is June 2, 1969, at which time the case will be scheduled for jury trial and at which time all persons who have already testified in this case, all persons who are scheduled to testify in this case will be present and ready to testify. "Mr. Cooper, do you wish to make any motion or objection on the record? MR. COOPER: Just for the record, I would like to make an objection. THE COURT: Thank you. Mr. Dils? MR. DILS: Yes, Your Honor. On behalf of the defendant, Leslie Williams, I would also make an objection to the Court's decision. THE COURT: Thank you. Motions and objec-

tions overruled for the reasons stated, the Court being of the opinion that a number of factual issues will require resolution, which as I said, the Court did not anticipate when it agreed to take this case on a waiver, and therefore, it is directed to be tried by a jury at the time scheduled."

Two months later, appellant was again called to trial on the original charges. Following this trial before a jury, appellant was convicted, and it is from this conviction that he now appeals.

In his brief before this Court appellant raises several substantial questions concerning alleged errors committed at his second trial.[1] We need not, however, reach the merits of those arguments as we believe that the appellant was placed in double jeopardy when he was called to trial after his first mistrial.

In *Commonwealth v. Ferguson*, 446 Pa. 24, 285 A. 2d 189 (1971), our Supreme Court held that subjecting a defendant to trial after a mistrial places the defendant in double jeopardy unless the original mistrial was requested by the defendant under circumstances not attributable to prosecutorial or judicial overreaching, or was the result of "manifest necessity." See *United States v. Jorn*, 400 U.S. 471 (1971). Relying on Justice HARLAN's opinion in *United States v. Jorn*, our Supreme Court noted in *Ferguson*, supra, that it would be inappropriate to create bright-line rules as to whether a mistrial should or should not be declared and stated that, ". . . in the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude

---

[1] Appellant contends that the trial judge erred in (1) placing upon him the burden of proving the consent of the prosecutrix, and (2) combining separate counts of forcible rape and statutory rape under the circumstances of this case.

his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." *Commonwealth v. Ferguson,* supra at 29, quoting from *United States v. Jorn,* supra at 486.

In the instant case appellant was placed in jeopardy at his first trial. Jeopardy attaches in a case without a jury when the accused has been subjected to a charge and the court has begun to hear evidence. *Newman v. United States,* 410 F. 2d 259 (D.C. Cir. 1969).

The only question, then, is whether the mistrial declared by the lower court was the result of "manifest necessity."[2] The trial judge's reason for declaring a mistrial was that he did not want to decide certain issues of credibility which he believed would be best resolved by a jury. Our case law, however, provides that a judge is as competent to decide issues of credibility as is a jury, and for that reason we allow defendants to waive their right to a trial by jury. *Commonwealth v. Lewis,* 193 Pa. Superior Ct. 508, 165 A. 2d 98 (1960).

Rule 1102 of the Pennsylvania Rules of Criminal Procedure provides in relevant part as follows: "(b) At any time prior to the commencement of trial the defendant may withdraw his waiver of a jury trial. Thereafter, at any time prior to verdict the trial judge on his own motion may order the withdrawal of such waiver or permit the defendant, upon motion, to withdraw his waiver." Rule 1102 was adopted on January 24, 1968, before the United States Supreme Court's decision in *United States v. Jorn,* supra, and before our Supreme Court's decision in *Commonwealth v. Ferguson,* supra.

---

[2] Appellant's counsel objected to the trial judge's *sua sponte* declaration of a mistrial, and it is therefore apparent that appellant did not acquiesce in the trial judge's action.

In light of these recent decisions concerning the constitutionality of retrial after mistrial, it is apparent that Rule 1102, insofar as it relates to a trial judge *on his own motion* ordering the withdrawal of a defendant's waiver of jury trial, must be declared constitutionally invalid and of no force and effect. Rule 1102 contains no standards for a trial judge to use in determining whether a defendant's waiver of jury trial should be ordered withdrawn. Without such standards the Rule cannot form the basis for a judge's declaration of a mistrial upon his own motion. As the United States Supreme Court said in *Downum v. United States,* 372 U.S. 734, 738 (1963), "any doubts as to the existence of a 'manifest necessity' of granting a mistrial must be resolved" " '. . . in favor of the liberty of the citizen, rather than [by exercising] what would be an unlimited, uncertain, and arbitrary judicial discretion.' " See *Commonwealth v. Ferguson,* supra at 30; *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A. 2d 727 (1972).

For the above reasons the judgment of sentence is vacated.[3]

---

DISSENTING OPINION BY JACOBS, J.:

In this case the appeal of defendant was argued at Harrisburg on March 13, 1972. Appellant died April

---

[3] While this appeal was pending in our Court, the appellant, Thomas Culpepper, died. The District Attorney of Dauphin County then petitioned this Court to dismiss appellant's appeal on the ground that the appeal was now moot. Appellant's attorney answered the petition to dismiss, requesting the Court to decide appellant's appeal "in the interest of justice." In the recent case of *Commonwealth v. Walker,* 447 Pa. 146, 288 A. 2d 741 (1972), our Supreme Court held that where a defendant has died while his appeal is pending, that appeal should be decided because "it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process." *Commonwealth v. Walker,* supra at 148.

21, 1972, before we had handed down a decision. The Commonwealth-appellee petitioned for a dismissal of the appeal on the ground that the issue had become moot. Appellant's attorney opposed the motion "in the interests of justice". Because of *Commonwealth v. Walker*, 447 Pa. 146, 288 A.2d 741 (1972), the majority is filing an opinion covering the merits of the appeal. In *Walker* the defendant-appellant died while the appeal was pending. A petition to abate was filed by the appellant and a petition to dismiss was filed by the Commonwealth. Both motions were refused and in a footnote the Court said, "[I]t is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process." *Id.* at 148, 288 A. 2d at 742. Justice POMEROY filed a dissenting opinion on the basis that the appeal should have been dismissed as moot by reason of the death of the appellant.

Realizing, of course, that we cannot overrule the Supreme Court of Pennsylvania, I still feel that I must put my protest on record in this procedural matter. As pointed out by Justice POMEROY in *Walker*, the Court is engaging in a useless exercise. The appellant cannot be punished and with the appeal pending the conviction never became final. Left that way substantial justice is done to both the Commonwealth and the appellant.

We, and the Supreme Court of Pennsylvania, are overruling a long-established principle of this Court. In *Commonwealth v. Crowley*, 28 Pa. Superior Ct. 618 (1905), *which involved exactly the same situation as now before this Court,* our opinion in its entirety was as follows: "This appeal was argued on March 7, 1905, and was held under advisement. Before a decision was rendered, it was shown to us, by suggestion of the dis-

trict attorney in writing, duly filed, that the appellant died on or about March 13, 1905. It is clear, both upon reason and authority, that under such circumstances, the appeal abates and that nothing remains for the appellate court to do but to make the formal order to that effect.

"Now October 9, 1905, the appeal is abated."

In *Commonwealth v. Dunn*, 57 Pa. Superior Ct. 162 (1914), the appellant died after appeal and before argument. In a short opinion by President Judge RICE, citing abundant authority, we abated the appeal. See cases therein cited, particularly *List v. Pennsylvania*, 131 U.S. 396 (1888); *O'Sullivan v. People*, 144 Ill. 604, 32 N.E. 192 (1892); and *State v. Martin*, 30 Ore. 108, 47 P. 196 (1896).

No property rights of appellant or his estate are involved. Attainder of felony with its consequent forfeiture of property is forbidden by the Pennsylvania Constitution. Any liability for a fine imposed on conviction and not paid abates upon the death of the defendant. *Commonwealth v. Embody*, 143 Pa. Superior Ct. 354, 17 A. 2d 620, *allocatur refused*, 143 Pa. Superior Ct. xxi (1941). *See also Commonwealth to use of Bruce v. Moran*, 251 Pa. 477, 483, 96 A. 1089, 1090 (1916) (affirming on the opinion of this Court), wherein we said: "All of these lines of reasoning seem to converge to the support of the proposition that the death of one convicted in and sentenced by a criminal court worked a discharge of every obligation imposed by and rooted in his sentence."

I am unable to find any benefit which might inure to the defendant's estate. Nor can I see any benefit to society from the majority opinion, ably written though it is. Absent some compelling reason the busy appellate courts of Pennsylvania should not spend their time and energy in deciding the merits and writing opinions in moot cases. That task should be reserved for the law

schools. In the interest of justice I would abate this appeal.

WRIGHT, P. J., and WATKINS, J., join in this dissenting opinion.