### Commonwealth v. Bush (No. 2)

Before Bodley, Garb and Rufe, JJ.

*G. Roger Markley*, Assistant District Attorney, for Commonwealth.

*Gerald E. Bloom, III,* for defendant.

GARB, J., June 11, 1975.—This opinion is as a result of a reargument of only one portion of the matter now before us. Previously, this court, by opinion and order entered on April 2, 1975, granted defendant's motion to quash the indictment on the ground of violation of Pa. R. Crim. P. 1100. Several summary offenses had been returned to this court by the district justice of the peace, together with the indictable offenses, the indictments for which were quashed herein, and those summary offenses were likewise dismissed in our order quashing the aforesaid indictment. See our opinion in Commonwealth v. John Bush (No. 1), 68 D. & C. 2d 683. However, the briefs submitted and arguments made before the court en banc were directed solely to the application of Rule 1100 to the indictable offense, and the question of disposition of the summary offenses was neither briefed nor argued. Therefore, in view of the fact that our order disposed of the summary offenses summarily, we have allowed reargument limited solely to the question of disposition of the summary offenses. The Commonwealth concedes that our order quashing the indictment is a final one from which it has not and does not intend to appeal.

It is clear, and all parties agree, that the summary offenses arose out of the same occurrence which formed the basis upon which the indictment was approved. The narrow question before us, therefore, is whether our determination that the indictment must be quashed for violation of Rule 1100 leads inexorably to the conclusion that the summary offenses returned to court as a result of the same occurrence must likewise fall. It is clear that the summary offenses were not disposed of by the district justice of the peace. We are satisfied that our action in quashing the indictment does not terminate the summary proceedings and they will, therefore, hereby be remanded to the district justice of the peace for appropriate disposition after hearing.

Simply stated, our reasoning herein in arriving at our conclusion is based entirely upon the plain reading of Rule 1100. The complaint against defendant having been filed prior to June 30, 1973, the section of the rule applicable to the indictment is section (a)(1). That section, as does subsection (2), makes reference to the time for trial which is mandated in a "court case." "Court case" is defined in Rule 3(e) as a case in which the issuing authority cannot exercise summary jurisdiction. Summary cases are defined in subsection (p) of Rule 3 as cases in which the issuing authority exercises summary criminal jurisdiction. Therefore, as we construe Rule 1100, it is applicable to, and mandates time for, trial only in court cases which are defined in such a way as to exclude summary offenses. Therefore, we conclude that the mandates of Rule 1100 do not apply to the summary offenses which are forwarded by the district justice with the indictable offenses arising out of the same occurrence. Concededly, the summary offenses which are before the court in this posture can be disposed of by this court together

with the indictable offense; however, Rule 1100 does not provide that the district justice of the peace may not dispose of the summary offenses before him. Indeed, the mandates of Commonwealth v. Campana, 455 Pa. 622 (1974), and 452 Pa. 233 (1973), do not provide that the district justice of the peace may not dispose of summary offenses before him arising out of the same occurrence from which an indictment is returned. The two Campana decisions merely hold that if the district justice does so dispose of the summary offenses, this court will no longer retain the right to subject defendant to a subsequent trial on the indictment. Therefore, neither opinion in Commonwealth v. Campana, supra, has the effect of changing the definition of "court case" as contained in the rules.

We do not believe that the result we reach here constitutes any violation of defendant's rights to be free of being placed twice in jeopardy for the same offense. Although the second Campana case makes it clear that the strictures of that opinion are founded on the Supreme Court supervisory powers rather than upon Federal constitutional standards, it is clear from the first Campana opinion that it is double jeopardy principles which give rise to and motivate this supervisory rule. As noted in the first Campana opinion, the purpose of the proscription of double jeopardy is to safeguard the accused from repeated prosecutions for the same violation of the law.

"By requiring compulsory joinder of all charges arising from a single 'transaction,' a defendant need only once 'run the gauntlet' and confront the 'awesome resources of the state' ": Commonwealth v. Campana at page 251.

Further, as noted in Commonwealth v. Campana, supra:

"Compulsory joinder of all offenses arising from a

single 'transaction' avoids piecemeal litigation and thus conserves precious judicial and professional manpower as well as the time of jurors, witnesses and the use of public resources. All outstanding charges against an accused are swiftly brought at one proceeding and, if proven guilty, the punishment of a defendant is commensurate with *all* crimes actually committed. The 'same transaction' test prevents the 'trial run' and inadequately prepared prosecutions . . .": Commonwealth v. Campana, at page 252.

Thus, without belaboring the point, it is clear that the underlying principle of both Campana decisions is that all the criminal proceedings and charges arising out of a single transaction against a given accused be disposed of at one trial. Nothing in what we decide today does violence with that principle. There has been no trial of defendant on any of the charges arising out of the transaction from which all of these proceedings arose. The indictment was quashed for failure of the Commonwealth to comply with Rule 1100. That, certainly, does not qualify as a disposition of the criminal charges as those terms are contemplated by Campana as heretofore elucidated.

On strictly double jeopardy principles, it cannot be argued that jeopardy has attached by virtue of our decision in quashing the indictment. In a jury trial, jeopardy would attach with the swearing of the jury and in a nonjury trial when the first witness begins to testify. See Green v. United States, 355 U.S. 184, 2 L.Ed. 2d 199, 78 S.Ct. 221 (1957) and Commonwealth v. Stewart, 456 Pa. 447 (1974), and Commonwealth v. Culpepper, 221 Pa. Superior Ct. 472 (1972).

Likewise our disposition herein is consistent with section 110 of the Crimes Code of Pennsylvania, Act of December 6, 1972, P. L. 1482 (No. 334), sec. 1, 18

Pa. C.S. 110. That section provides for those situations when a prosecution is barred by a former prosecution for a different offense. In each of the subsections of that section of the code it is required that the former prosecution result in an acquittal or in a conviction of defendant in the former trial for the different offense. Clearly, there has been no trial on the indictment before us and, therefore, the provisions of section 110 of the Crimes Code are inapplicable.

For the foregoing reasons, we are satisfied that our original order of April 2, 1975, must be amended and modified to provide that the summary offenses shall be remanded to the district justice of the peace for appropriate disposition. Accordingly, we enter the following

## ORDER

And now, June 11, 1975, it is hereby ordered, directed and decreed that our order of April 2, 1975, be amended and modified consistent with the foregoing opinion and the summary offenses before us herein are directed to be remanded to the district justice of the peace for appropriate disposition.