**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jerry MORRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 2001.

Filed April 12, 2001.

Michael G. Floyd, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, President Judge, FORD ELLIOTT and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Appellant, Jerry Morris, appeals the January 20, 2000 Order denying his motion to dismiss the informations filed against him by the Commonwealth on double jeopardy grounds. After a thorough review of the record, we conclude double jeopardy does not bar retrial of appellant.

¶ 2 On May 30, 1997, two police officers spotted a white 1990 Plymouth Acclaim on 41st Street in Philadelphia. The officers noted the steering column was broken and the vehicle identification number (VIN) was falsified. The next day the officers located the vehicle in the yard of appellant's auto part business and once again verified the VIN was falsified. Based upon that information, the officers investigated two other Acclaims located on appellant's property and determined the VINs were switched amongst the three vehicles. The officers subsequently confiscated blank temporary registration and insurance cards from appellant's property. Thereafter, appellant was charged with receiving stolen property,[1] dealing in vehicles with removed or falsified numbers,[2] removal or falsification of identification numbers[3] and related charges. Appellant filed a motion to suppress evidence obtained from the officers' investigation and warrantless search and seizure of the vehicles found on his property. On July 31, 1998, the court granted his motion in part, finding the officers' search and seizure of the

two Acclaims found subsequent to the investigation of the white 1990 Acclaim violated appellant's rights under Article I, Section 8, of the Pennsylvania State Constitution and the Fourth Amendment to the United States Constitution.

¶ 3 A bench trial was conducted on April 8, 1999, during which time the Honorable Gwendolyn Bright, *sua sponte*, declared a mistrial. Judge Bright admitted she could not ignore the evidence regarding the additional vehicles found on appellant's property, which was suppressed pre-trial, and that she no longer could remain unbiased or impartial. The case was scheduled before another judge and on July 12, 1999, appellant filed a motion to dismiss the informations based upon double jeopardy principles. On January 20, 2000, the trial court denied appellant's motion and permitted him to appeal *nunc pro tunc* the court's April 8, 1999 Order. This timely appeal followed.

¶ 4 Before addressing the merits of appellant's contention that double jeopardy bars his retrial, we must determine whether or not this appeal properly is before us. The Commonwealth contends the court declined to rule upon appellant's motion to dismiss and, instead, permitted appellant to appeal *nunc pro tunc* the court's April 8, 1999 Order. The Commonwealth argues, however, the April 8th Order is interlocutory and non-appealable and, thus, this appeal should be quashed. A closer inspection of the certified record, however, reveals the court's January 20, 2000 Order specifically denied appellant's motion to dismiss and unnecessarily permitted appellant to appeal *nunc pro tunc.* Appellant's notice of appeal indicates he is

1. 18 Pa.C.S.A. § 3925.

2. 75 Pa.C.S.A. § 7103.

3. *Id.,* § 7102.

challenging the court's January 20, 2000 Order, which denied his motion to dismiss. Further, appellant's statement of matters complained of addresses only the court's refusal to find double jeopardy bars his retrial in this case. It is clear that in Pennsylvania "a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." *Commonwealth v. Savage,* 388 Pa.Super. 561, 566 A.2d 272, 275 (1989). Accordingly, we conclude the issue raised by appellant properly is before this Court.

¶ 5 On appeal, appellant presents one issue for our review, "The trial court erred in ordering the appellant retried where doing so impermissibly placed him again in jeopardy after the court declared a mistrial *sua sponte* due to its unwillingness to decide issues of credibility." (Appellant's brief at 3.) It is well settled the declaration of a mistrial *sua sponte* by the trial court is proper only for reasons of manifest necessity. *See* Pa.R.Crim.P. 1118, Mistrial, (b). If there is any doubt as to the presence of manifest necessity to support the trial court's declaration of a mistrial, such doubt is to be resolved in favor of the accused, and double jeopardy shall prohibit retrial. *See Commonwealth v. Diehl,* 532 Pa. 214, 217, 615 A.2d 690, 691 (1992).

> Reviewing courts use no mechanical formula in determining whether a trial court had a manifest need to declare a mistrial. Rather, varying and often unique situations arise during the course of a criminal trial and the broad discretion reserved to the trial judge in such circumstances has been consistently reiterated. Far more conversant with the factors relevant to the determination than any reviewing court can possibly be, the trial judge, who is the foremost authority in his or her courtroom, is usually best-positioned to determine the necessity of recusal in any individual case. This principle assumes great weight when the issue involves how the presentation of evidence or the conduct of parties affects a trial's fact-finder.

*Commonwealth v. Leister,* 712 A.2d 332, 335 (Pa.Super.1998), *appeal denied,* 557 Pa. 627, 732 A.2d 613 (1998) (internal quotations and citations omitted).

¶ 6 Following the Commonwealth's case-in-chief, appellant presented testimony indicating a customer, who died prior to trial, brought the 1990 white Acclaim in for repair shortly before the police entered onto his business property and that he, therefore, did not know the car's VIN was falsified. Thereafter, Judge Bright declared a mistrial because a question concerning her impartiality was raised during the presentation of this testimony. Judge Bright indicated:

> I heard a rather lengthy motion to suppress and the defense that you are presenting is, in all candor, inconsistent with or contrary to, the evidence that was presented on the motion to suppress in particularly [sic] with regard to certain VIN numbers. Now, I know that and I cannot erase that from my mind based on the defense that you presented. Therefore, I called both counsel back and indicated I felt recusal was appropriate.

(N.T., 4/8/99, at 14.) She further stated no party caused the conditions leading to a mistrial and that neither party requested a recusal (*id.* at 18–20).

¶ 7 Appellant's reliance on *Commonwealth v. Culpepper,* 221 Pa.Super. 472, 293 A.2d 122 (1972), to support his contention that manifest necessity is not present when a judge merely declines to decide issues of credibility is misplaced. In *Culpepper,* following the defendant's waiver of a jury trial and the Commonwealth's presentation of three witnesses, the judge de-

clared a mistrial and ordered the case tried by a jury. The judge did not want to decide certain issues of credibility, which he believed would be best resolved by a jury. The case proceeded to a jury trial, after which the defendant was found guilty and sentenced. On appeal from the judgment of sentence, this Court found "[o]ur case law ... provides that a judge is as competent to decide issues of credibility as is a jury, and for that reason, we allow defendants to waive their right to trial by jury." *Id.* at 124. As there were doubts as to the manifest necessity of granting the mistrial at issue, the doubts were resolved in favor of the defendant and his judgment of sentence was vacated.

¶ 8 It is clear appellant's case is distinguishable from *Culpepper,* for Judge Bright ordered a mistrial not because of a credibility issue but because the judge candidly questioned her own ability to be objective. Judge Bright's knowledge of facts learned in the course of the suppression hearing, which appellant would deny or controvert on the merits at trial, required her to examine her own objectivity. This recusal could only inure to appellant's benefit. We conclude, therefore, the trial judge had an appropriate basis upon which to declare a mistrial. *See Leister,* 712 A.2d at 335 (inability to be fair and impartial creates a manifest necessity for the declaration of a mistrial).

¶ 9 In light of the record, we find the trial judge neither abused her discretion nor made an error of law in declaring a mistrial *sua sponte.* There was manifest necessity permitting the trial judge to so act, and appellant's right to avoid double jeopardy was not violated. Accordingly, we affirm.

¶ 10 Order affirmed.