J-S73025-17

2018 PA Super 69

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLARENCE BEAUDOIN IV, | : | |
| | : | |
| Appellant | : | No. 764 MDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000637-2016

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

OPINION BY DUBOW, J.:                                   **FILED MARCH 23, 2018**

Appellant, Clarence Beaudoin IV, appeals from the Judgment of Sentence entered by the Bradford County Court of Common Pleas after a jury convicted him of Theft by Unlawful Taking and Receiving Stolen Property.[1] After careful review, we dismiss the appeal due to Appellant's recent death.

On December 18, 2017, Appellant's attorney, Richard A. Wilson, Esq., filed a "Suggestion of Death" pursuant to Pa.R.A.P. 502 informing this Court that Appellant had died. Counsel also advised that Appellant did not have a significant estate, counsel did not expect an estate would be opened, and there is no other personal representative. Given these facts, counsel informed

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921 and 18 Pa.C.S. § 3925, respectively.

this Court that he was not "comfortable withdrawing the appeal or taking any action on it whatsoever." Suggestion of Death, dated 12/18/17, at 1.

On January 18, 2018, this Court issued a Rule to Show Cause directing the parties (1) to explain why the appeal should not be dismissed as moot; and (2) to substantiate the Suggestion of Death. Rule to Show Cause Order, filed 1/18/18, at 1.

On January 30, 2018, Appellant's counsel and the Commonwealth filed a joint letter stipulating that Appellant "became deceased on or about November 20, 2017." Stipulation, filed 1/30/18, at 1. On February 14, 2018, the Commonwealth submitted a Confirmation of Death from the Bradford County Office of the Coroner and in a letter argued that the instant appeal should be dismissed as moot. Commonwealth's Response, filed 2/14/18, at 1-2.

Pennsylvania Rule of Appellate Procedure 502 provides, in relevant part, as follows: "If a party dies after a notice of appeal . . . is filed or while a matter is otherwise pending in an appellate court, . . . [and] the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the appellate court may direct." Pa.R.A.P. 502(a).

This Court and our Supreme Court have occasionally addressed the merits of a defendant's appeal following his or her death when the interests of justice so require. **See Commonwealth v. Walker**, 288 A.2d 741 (Pa.

1972) (affirming judgment of sentence where parties disagreed about proper resolution, stating in a footnote "that it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process."); ***Commonwealth v. Bizzaro***, 535 A.2d 1130, 1132 (Pa. Super. 1987) (holding "that the death of an appellant pending appeal does not moot the appeal[,]" addressing merits, and vacating judgment of sentence where appellant's counsel specifically requested a ruling on the merits at oral argument notwithstanding appellant's death); ***Commonwealth v. Sargent***, 385 A.2d 484, 484 n.1 (Pa. Super. 1978) (granting a new trial to a defendant that had died); ***Commonwealth v. Culpepper***, 293 A.2d 122, 124 n.3 (Pa. Super. 1972) (*en banc*) (addressing merits of appeal and vacating judgment of sentence despite Appellant's death pending appeal where appellant's counsel requested that the court decide the appeal in the interest of justice). ***But see Commonwealth v. Crowley***, 28 Pa. Super. 618 (1905) (abating appeal where defendant died pending appeal); ***Commonwealth v. Dunn***, 57 Pa. Super. 162 (1914) (same, collecting cases).

Unlike the unique circumstances presented in the above cases, we are not compelled or required to reach the merits of this appeal because (1) the interests of justice are not markedly implicated in this matter; (2) Appellant's

appeal does not present any novel legal issues of import to society generally[2]; and (3) no party has asked this Court to decide the appeal notwithstanding Appellant's death. This conclusion is consistent with the ample discretion afforded this Court under Pa.R.A.P. 502(a). **See Bizzaro**, **supra** at 1132 ("The open-endedness of this Rule is evident.").

As no one on behalf of either party seeks to pursue this appeal, and in the interest of judicial economy, we dismiss this appeal pursuant to Rule 502(a).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2018

---

[2] In his sole issue on appeal, Appellant challenges the admission of unflattering and inculpatory text messages at trial. Appellant's Brief at 8-13.