THE STATE OF INDIANA, EX REL. KERN, *v.* OWENS, AUDITOR.

[No. 21,511.   Filed April 21, 1910.]

1. INTOXICATING LIQUORS.—*License.*—*Date of Commencement.*—A license to retail liquor commences to run from the date of the order of the board of commissioners granting such license. p. 143.

2. APPEAL.—*Dismissal.*—*Moot Questions.*—*Intoxicating Liquors.*— Where the board of commissioners granted to relator, on August 3, 1908, a license to retail intoxicating liquors, and he unsuccessfully demanded a license on May 27, 1909, an appeal from a judgment in favor of the auditor in an action to mandate such auditor to issue such license will be dismissed, where the year for which the license would have run, has expired. p. 143.

From Lawrence Circuit Court; *James B. Wilson*, Judge.

Action by The State of Indiana, on the relation of Fred Kern, against William G. Owens, as auditor of Lawrence county. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*S. B. Lowe,* for appellant.
*Brooks & Brooks,* for appellee.

MONTGOMERY, J.—The Board of Commissioners of the County of Lawrence, on August 3, 1908, made an order granting relator a license to retail intoxicating liquors for the term of one year. No license was called for under this order until May 27, 1909, at which time the relator paid to the county treasurer a license fee of $100, and produced to appellee his receipt therefor, with a proper and sufficient bond, and $5 as a fee for the issuance of the license, and demanded of appellee, as county auditor, that such license be

issued. Appellee refused to issue the license, and this action was brought to compel, by writ of mandamus, the issuance of a license. Appellee's demurrer to the alternative writ was sustained, and, relator declining to amend or plead further, final judgment was rendered in favor of appellee.

It is charged that the court erred in sustaining appellee's demurrer to the alternative writ of mandamus.

1. The only relief sought or demanded in this proceeding is the issuance of a license under the grant of August 3, 1908. A license issued pursuant to that order could run for one year only from that date. *Vannoy v. State* (1878), 64 Ind. 447; *State v. Wilcox* (1879), 66 Ind. 557.

It is apparent that no peremptory writ compelling the issuance of a license, by virtue of the order upon which the relator relies, could now be had. The question, 2. whether, upon the facts stated, he was entitled to compel the issuance of such license at the time he made his demand therefor, has become, so far as this controversy is concerned, a moot question, which this court will not decide. *Brown v. Dicus* (1909), 172 Ind. 51; *Brown v. Moore* (1909), 172 Ind. 717; *Hood v. McCarthy* (1910), *ante*, 128; *State, ex rel., v. Noftzger* (1910), *ante*, 140; *Hale v. Berg* (1908), 41 Ind. App. 48; *State, ex rel., v. Boyd* (1909), 172 Ind. 196.

The appeal is dismissed.