## GIBSON *v.* STATE OF INDIANA.

[No. 22,179. Filed October 9, 1912.]

1. CRIMINAL LAW.—*Death of Accused Pending Appeal.—Effect.*— Where a defendant dies pending his appeal from a judgment of conviction, in which the only punishment fixed was imprisonment in the State's prison, the appeal will be dismissed. p. 316.
2. APPEAL.—*Moot Questions.*—Questions, the determination of which will serve no useful purpose, will not be considered on appeal. p. 316.
3. CRIMINAL LAW.—*Appeal.—Question of Costs.*—An appeal will not be entertained simply to determine a question of costs in a criminal case. p. 316.

From Lake Circuit Court, *Vernon W. VanFleet,* Special Judge.

Prosecution by the State of Indiana against Walter Gibson. From a judgment of conviction, the defendant appeals. *Dismissed.*

*David E. Boone, H. S. Barr* and *Harold H. Wheeler,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MONKS, J.—Appellant was convicted in the court below of soliciting a bribe to influence his vote as a member of the common council of the city of Gary, on an ordinance pending before that body, in violation of §2378 Burns 1908, Acts 1905 p. 584, §477.

The only punishment fixed by the judgment was imprisonment in the State's prison. Judgment for costs was
1. rendered against appellant. From a judgment of conviction appellant perfected an appeal to this court on March 19, 1912.

The Attorney-General has filed a verified motion to dismiss the appeal, on the ground that appellant died on July 3, 1912, claiming that appellant's death abated the appeal. It has been held that the death of an appellant under such circumstances abates the appeal. *State* v. *Martin* (1896), 30 Or. 108, 47 Pac. 196; *O'Sullivan* v. *People* (1892), 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143. Even if the judgment appealed from is reversed, there would be no person to try.

It has been held by this court that it "cannot give time to the examination of moot questions, the determination of which will serve no useful purpose." *State, ex rel.,*
2. v. *Board, etc.* (1899), 153 Ind. 302, 313, 54 N. E. 809, and cases cited; *Rowe* v. *Bateman* (1899), 153 Ind. 633, 635, 636, 54 N. E. 1065, 55 N. E. 754; *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 369, 370, 83 N. E. 500, and cases cited. *State, ex rel.,* v. *Owens* (1910), 174 Ind. 142, 143, 91 N. E. 562; *Hood* v. *McCarthy* (1910), 174 Ind. 128, 91 N. E. 501. True there is a judgment for costs (3 Williams, Executors [7th Am. ed., Randolph & Talcott] 240), but an appeal will not be entertained
3. simply to determine a question of costs. *Manlove* v.

*State* (1899), 153 Ind. 80, 53 N. E. 385; *State, ex rel.,* v. *Boyd* (1909), 172 Ind. 196, 198, 87 N. E. 140, and cases cited; *State* v. *Martin, supra.*

The motion to dismiss the appeal is, therefore, sustained. Appeal dismissed.

NOTE.—Reported in 99 N. E. 424. See, also, under (1) 12 Cyc. 879; (2) 12 Cyc. 1455.