## BLACKWELL *v.* STATE OF INDIANA.

[No. 23,069.   Filed October 6, 1916.]

1.  CRIMINAL LAW.—*Death of Appellant Pending Appeal.*—*Effect.*— The death of a defendant pending his appeal from a judgment of conviction in a criminal case is cause for abatement and dismissal of the appeal.   p. 228.
2.  FINES.—*Death of Defendant.*—*Abatement.*—Where a fine has been imposed as a punishment for an offense it cannot be enforced after the death of the defendant as a claim against his estate, since a judgment for a fine is punitive and is based on no principle of compensation, and its enforcement would punish only those interested in the estate of the offender.   p. 229.
3.  APPEAL.—*Moot Questions.*—The Supreme Court will not consider moot questions on appeal.   p. 229.
4.  CRIMINAL LAW.—*Appeal.*—*Question of Costs.*—An appeal will not be entertained to determine a question of costs when all other questions involved are moot.   p. 229.

From Lawrence Circuit Court, *Oren O. Swails,* Judge.

Prosecution by the State of Indiana against Milton C. Blackwell. From a judgment of conviction, the defendant appeals. *Appeal dismissed.*

*S. B. Lowe,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, and *Wilbur T. Gruber,* for the State.

LAIRY, J.—In the trial court appellant was charged with violating §8351 Burns 1914, Acts 1907 p. 689, by unlawfully keeping a place where intoxicating liquors were sold in violation of law. The trial resulted in a judgment of conviction by which appellant was fined the sum of $50 and ordered to be imprisoned in the county jail for a period of thirty days. An appeal was prayed to this court, and appellant, upon filing a bond to the approval of the circuit court, was released on bail pending the appeal.

On June 23, the appellant died. This fact is brought to the attention of the court, and a motion to dismiss the appeal is based thereon by the Attorney-General.

It has been generally held that the death of an appellant pending his appeal in a criminal case is cause for abatement. *Gibson* v. *State* (1912), 1. 178 Ind. 315, 99 N. E. 424; *Harris* v. *State* (1913), 181 Ind. 503, 104 N. E. 969; *March* v. *State* (1879), 5 Tex. App. 450; *O'Sullivan* v. *The People, etc.* (1892), 144 Ill. 604. If this case were reversed, there could be no retrial, for the reason that there would be no defendant to try, and for similar reason the punishment by imprisonment could not be enforced in case of an affirmance.

The fact that a fine was imposed in this case as a part of the punishment seems to make no difference in the application of the rule. The weight of au-

thority seems to be to the effect that a fine imposed as a punishment for an offense can not be

2. enforced after the death of the defendant as a claim against his estate. *United States* v. *Pomeroy* (1907), 152 Fed. 279; *United States* v. *Mitchell* (1908), 163 Fed. 1014; *Boyd* v. *State* (1910), 3 Okla. Crim. 684, 108 Pac. 431; *United States* v. *Dunne* (1909), 173 Fed. 254, 97 C. C. A. 420; and note as reported in 19 Ann. Cas. 1145. A judgment for a fine differs from a judgment based on a tort or contract. In case of a tort the judgment is based on the principle of compensation to the injured party. In cases arising out of contract the judgment is for money due the judgment plaintiff under the terms of a contract, or for damages for its breach. In case where a fine is imposed as a punishment, no principle of compensation is involved. A fine is imposed for the purpose of punishing the offender, and when an offender dies, he passes beyond the power of human punishment. There could be no justice in enforcing a fine against the estate of an offender, for such a course would punish only the family or those otherwise interested in the estate. For the reasons stated it is not necessary to pass upon the questions involved in this appeal for

3. the purpose of determining the correctness of the judgment imposing the fine. The court will not give time to the examination of moot questions. *Gibson* v. *State, supra.*

An appeal will not be entertained to determine a question of costs when all other questions are moot. *Manlove* v. *State* (1899), 153 Ind. 80,

4. 53 N. E. 385; *State* v. *Boyd* (1908), 172 Ind. 196, 87 N. E. 140.

The motion to dismiss the appeal is sustained. Appeal dismissed.

NOTE.—Reported in 113 N. E. 723. See under (2) 19 Ann. Cas. 1147; (3), (4) 12 Cyc 797.