## STATE v. FANALOUS et al.

No. 6183.   Decided October 11, 1940.   (106 P. 2d 163.)

*George C. Buckle,* of Ogden, for appellant.

*Joseph Chez,* Atty. Gen., and *Wade M. Johnson,* of Ogden, for respondent.

PER CURIAM.

Jim Fanalous was convicted in the District Court of Weber County, State of Utah, of the crime of arson in the second degree, as defined by Sec. 103-6-2, R. S. U. 1933. Sentence was imposed. An appeal was duly taken to this Court. Errors were assigned upon the record. The case was set for hearing upon the September calendar for the ninth day of September, 1940. On the second day of September, 1940, the appellant died at the Dee Hospital in Ogden, Utah.

The sole question before the court is: Has the appeal abated?

In the case of *March* v. *State*, 5 Tex. App. 450, at page 456, the Texas court, acting upon a similar case stated:

"We are of opinion, then, that in a criminal prosecution, when the accused has taken an appeal in the manner prescribed by law, the proceeding is still pending and undetermined until the appeal shall have been decided; and that in case the appellant die whilst the appeal is pending and undetermined, the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates in toto, whatever be the judgment appealed from."

The purpose of a criminal action is to punish the defendant in person, and upon the death of the defendant the action must necessarily abate. *O'Sullivan* v. *People*, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143; *Herrington* v. *State*, 53 Ga. 552; *State* v. *Martin*, 30 Or. 108, 47 P. 196; *Overland Cotton Mill Co.* et al. v *People*, 32 Colo. 263, 75 P. 924, 105 Am. St. Rep. 74; *State* v. *Furth*, 82, Wash. 665, 144 P. 907.

The action has abated. The cause is closed.