## NEVILLE v. STATE OF INDIANA.

[No. 30,167. Filed May 16, 1962.]

*Albert W. Ewbank,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Harold H. Kohlmeyer,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant herein was charged by affidavit in two counts (1) involuntary manslaughter; and (2) reckless homicide; tried by jury, found not guilty of the charge of involuntary manslaughter, and guilty of the charge of reckless homicide; and fined in the sum of $500, and sentenced to the Indiana State Farm for a period of 90 days.

From such judgment of conviction appellant perfected an appeal to this court on March 12, 1962.

On March 22, 1962, the appellant died. This fact is brought to the attention of the court by a "Suggestion of Death of Appellant and Dismissal of Appeal" filed by the attorney for appellant on May 2, 1962.

On May 9, 1962, the Attorney General filed for the State a "Motion to Dismiss" wherein it is stated that the death of appellant renders moot the questions involved in this appeal, and that a determination thereof would serve no useful purpose.

It has been generally held that the death of an appellant pending his appeal in a criminal case is cause for abatement. *Strack* v. *State* (1930), 202 Ind. 272, 273, 173 N. E. 323; *Blackwell* v. *State* (1916), 185 Ind. 227, 228, 113 N. E. 723; *Harris* v. *State* (1914), 181 Ind. 503, 504, 104 N. E. 969; *Gibson* v. *State* (1912), 178 Ind. 315, 316, 99 N. E. 424.

If this case were reversed there could be no retrial for the reason that there would be no defendant to try, and for the same reason the conviction could not be enforced if the case were affirmed.

The fact that a fine was imposed in this case as a part of the punishment seems to make no difference

in the application of the rule. The weight of authority seems to be to the effect that a fine imposed as a punishment for an offense cannot be enforced after the death of the defendant as a claim against his estate. *Blackwell* v. *State, supra; United States* v. *Knetzer* (1954), D. C., 117 F. Supp. 917; *Crowley* v. *People* (1950), 122 Colo. 466, 223 P. 2d 387; *State* v. *Stotter* (1946), 67 Idaho 210, 175 P. 2d 402.

An appeal will not be entertained to determine a question of costs when all other questions are moot. *Blackwell* v. *State, supra.*

The motion to dismiss the appeal is sustained.

Appeal dismissed.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 638.