EDWIN LEE ROGERS *v.* STATE OF INDIANA.

[No. 372A135. Filed May 10, 1973.]

*W. Henry Walker, Walker and Walker,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert, Robert F. Colker,* Deputies Attorney General, for appellee.

HOFFMAN, C.J.—Appellant herein was charged by affidavit in two counts: 1) conspiracy to commit murder in the second degree; and 2) assault and battery with intent to kill. Appellant was tried by jury, found not guilty of the charge of assault and battery with intent to kill, and guilty of the charge of conspiracy and sentenced to the Indiana State Prison for a period of not less than two, nor more than 14 years, and fined in the sum of $25.

From such judgment of conviction appellant perfected an appeal to this court.

On May 4, 1973, the Attorney General filed for the State of Indiana a "Motion to Dismiss" wherein it is stated that the questions involved in this appeal are rendered moot by the death of the appellant.

On May 7, 1973, the attorney for appellant herein also filed a "Motion to Dismiss," joining with the Attorney General in his motion to dismiss this appeal.

It has been generally held that the death of an appellant pending his appeal in a criminal case is cause for abatement. *Neville* v. *State* (1962), 243 Ind. 28, 29, 181 N.E.2d 638, and cases there cited.

If this case were reversed there could be no retrial for the reason that there would be no defendant to try, and for the same reason the conviction could not be enforced if the case were affirmed.

The fact that a fine was imposed in this case as part of the punishment seems to make no difference in the application of the rule. The weight of authority is to the effect that a fine imposed as a punishment for an offense cannot be enforced after the death of the defendant as a claim against his estate. An appeal will not be entertained to determine a question of costs when all other questions are moot. *Neville* v. *State, supra.*

The motions to dismiss this appeal are sustained.

Appeal dismissed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 295 N.E.2d 840.