COMMONWEALTH *vs.* KARL G. EISEN. September 5, 1975. The defendant died following the argument of this appeal under G. L. c. 278, §§ 33A-33G. Earlier convictions arising out of the same events were considered in *Commonwealth* v. *Eisen*, 358 Mass. 740 (1971), and *Eisen* v. *Picard*, 452 F. 2d 860 (1st Cir. 1971), cert. den. 406 U. S. 950 (1972). Thereafter the defendant was retried, and he has brought this appeal from a conviction of murder in the second degree. When a criminal defendant dies pending his appeal, normally the judgment should be vacated and the indictment dismissed. This is the general practice

elsewhere. *Durham* v. *United States,* 401 U. S. 481 (1971). *State* v. *Carter,* 299 Atl. 2d 891 (Maine 1973). *State* v. *Marzilli,* 111 R. I. 392 (1973). The asserted general importance of certain issues and counsel's able presentation of his client's appeal do not justify a different result. Any personal interest in vindication which a member of the defendant's family may have is not sufficiently substantial to warrant our deciding the appeal. Cf. *St. Pierre* v. *United States,* 319 U. S. 41 (1943); *Wetzel* v. *Ohio,* 371 U. S. 62, 65 (1962) (Douglas, J., concurring). Although given an opportunity to do so, neither the Commonwealth nor the defendant's counsel has advanced any other reason why a decision on this appeal should be made. The matter of counsel fees will be decided by a single justice of this court.

> *Judgment on indictment No. 41052 vacated; the case is remanded to the Superior Court where that indictment shall be dismissed.*

*P. J. Piscitelli* (*Robert E. Klein* with him) for the defendant.

*Helen Murphy Doona,* Assistant District Attorney, for the Commonwealth.