STATE OF HAWAII, Plaintiff-Appellee *v.* DON ANTHONY GOMES, Defendant-Appellant

NO. 5721

SEPTEMBER 21, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This is an appeal from a judgment of conviction of rape in the first degree. Defendant-appellant died the day before oral argument on the merits was scheduled in this court. The State has moved that the appeal be dismissed, allowing appellant's conviction below to stand. The Public Defender, counsel for appellant, is not opposed to dismissal of the appeal *per se*, but argues that such dismissal should be in conjunction with an order vacating the judgment of conviction and the indictment.

No procedure is provided by rule or statute for the substitution of another party to prosecute this appeal. Moreover, should the appeal be sustained it would not result in appellant's vindication and would result only in a new trial, which appellant's death makes impossible. The State has no further interest in the enforcement of the judgment, which appellant's death also makes impossible. Yet the interests of others, including the appellant's family, are or may be affected by allowing the judgment of conviction to stand as an adjudication of appellant's guilt without inquiry into the alleged error.

These interests and considerations have led other courts to conclude that, upon the death of a criminal defendant pending appeal from a judgment of conviction, the judgment of conviction will be vacated and the criminal prosecution will be abated, *ab initio*. We agree with the analysis and conclu-

sion of the Maine court in *State v. Carter*, 299 A.2d 891 (Me. 1973).. *See also* the cases collected in Annotation, 83 A.L.R. 2d 864, including later case service; *State v. Morris*, 328 So.2d 65 (La. 1976); *Commonwealth v. Eisen*, 334 N.E.2d 14 (Mass. 1975); *People v. Elauim*, 393 Mich. 601, 227 N.W.2d 553 (1975).[1]

The appeal is dismissed, the judgment of conviction is vacated, and the indictment is dismissed.

*James F. Nagle,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.

*Donna M. Woo,* Deputy Public Defender, for Defendant-Appellant.

---

[1] The federal courts of appeal have consistently held that death during direct appeal abates all criminal proceedings *ab initio*. The federal rule may be different with respect to unperfected, discretionary appeals, such as petitions for writ of certiorari to the U.S. Supreme Court. *See* Dove v. United States, U.S. , 96 S.Ct. 579 (1976), arguably overruling in part Durham v. United States, 401 U.S. 481 (1971). Under Dove, it appears that death prior to the granting of the discretionary writ of certiorari lets stand the conviction, apparently on the theory that, prior to granting of certiorari, the appeal is unperfected.