DAVID EUGENE WHITEHOUSE *v.* STATE OF INDIANA.

(No. 376S68. Filed July 21, 1977.)

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of murder in the first degree and was sentenced to life imprisonment. He appealed the judgment to this Court, and the case had been fully briefed and was awaiting consideration when he died. Proof of death has been filed, and the issue before us is the proper disposition to make of the case under these circumstances. Counsel for the defendant has moved for remand to the trial court with instructions to dismiss the charges. The State urges us simply to dismiss the appeal.

In the past, under like circumstances, this Court has simply dismissed the appeal, as moot. *Blackwell* v. *State,* (1916) 185 Ind. 227, 113 N.E. 723; *Neville* v. *State,* (1962) 243 Ind. 28, 181 N.E.2d 638; *Raymond* v. *State,* (1965) 246 Ind. 442, 206 N.E.2d 139; *Rogers* v. *State,* (1973) 156 Ind. App. 180, 295 N.E.2d 840. It is the position of counsel for the appellant that such action is not contra to the authority, including what appears to be the established rule in the federal courts, holding that the entire action abates ab initio, and he urges us to so hold in this case to clarify the Indiana law. *Durham* v. *United States,* (1971) 401 U.S. 481, 91 S.Ct. 858, 28 L. Ed. 2d 200 and cases there cited.

In addition to the foregoing cited authority, counsel asserts that the defendant has a right of appeal by virtue of Ind. Code § 35-1-47-1, the due process clause of the Constitution of the United States and Article I, Section 12 of the Constitution of Indiana, and that all of the proceedings had in the prosecu-

tion from its inception should abate, because such appeal rights have been frustrated.

We do not see that the dismissal of the appeal, without more, denies any rights granted or protected by the statutes or the constitutional provisions. Such rights were personal to and exclusively those of the defendant. Although a criminal conviction carries a definite "fall-out" that extends beyond the person of the defendant, we are aware of no right to be free of such, even if such conviction be erroneous. I may no more appeal my brother's conviction than I may enter his guilty plea.

The determination of a disposition to be made of procee¹ ings cast into limbo by the death of the defendant-appellant appears, to us, to be one of policy only. It has been the policy of this Court to dismiss such appeals, not out of compassion for the memory of the appellants or for those persons whose interests may have been adversely affected by the fall-out. As stated in *Raymond* v. *State, supra,* and cases there cited, if the judgment of the trial court were affirmed, it would, nevertheless be impossible of execution. If it were reversed, the defendant would not be available for trial. It follows that no state interest can be served by proceeding. At the same time, a reversal can not benefit the defendant.

In none of the cases reviewed have survivor interests of third parties been suggested. Undoubtedly, in some cases, the standing conviction may be consequential to such interests. Such, however, could not have been a factor for consideration in the trial proceedings and could not have been a factor in the appeal, had it been concluded. The presumption of innocence falls with a guilty verdict. At that point in time, although preserving all of the rights of the defendant to an appellate review, for good and sufficient reasons we presume the judgment to be valid, until the contrary is shown. To wipe out such a judgment, for any reason other than a showing of error, would benefit neither party to the litigation and appears to us likely to produce undesirable results in the area of survivor's rights in more instances that it would avert an

injustice. It, therefore, is our opinion that it would be unwise for us to reach out to adopt a policy favoring survivor interests of questionable validity. In arriving at this decision, we do not cut off any rights that survivors may now or hereafter have. Whether or not the bona fides of a conviction may yet be tested by survivors in cases where the appeals were aborted by death is a question best left for litigation confined within the parameters of the interests claimed.

The appeal is ordered dismissed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported 364 N.E.2d 1015.