428 So.2d 590 (1983)
Roy W. HAINES
v.
STATE of Mississippi.
No. 54018.
Supreme Court of Mississippi.
March 23, 1983.
Boyce Holleman, Michael B. Holleman, Gulfport, Thomas L. Goldman, Meridian, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
En banc.
ROY NOBLE LEE, Justice, for the Court:
Roy W. Haines was convicted in the Circuit Court of Lauderdale County on a charge of murder and was sentenced to life imprisonment. He perfected an appeal to this Court on August 13, 1982, which appeal is presently pending. Haines died on December 29, 1982, and the State of Mississippi has filed a Suggestion of Haines' Death and has requested that the appeal be dismissed as moot.
Attorneys for Haines have responded to the State's Suggestion of Death and have countered with a motion to dismiss the appeal, vacate the judgment of the lower court, and remand the cause to the lower court with instructions to dismiss the indictment. In other words, the motion requests that all proceedings be declared void ab initio.
The majority of jurisdictions in the United States, including the Federal courts, apply the rule requested by Haines' attorneys and hold that, in such case, an appeal should be dismissed as moot, and the case should be remanded to the trial court with instructions to vacate the judgment and dismiss the indictment. No less than four Federal Circuit Courts of Appeal have so held. In *591 United States v. Pauline, 625 F.2d 684, 685 (5th Cir.1980), in discussing the question, the court stated its reasons for abatement as follows:
In years past, we followed that rule of abatement ab initio: we dismissed the appeal and remanded to the District Court with directions to vacate the judgment and dismiss the indictment. Abatement of the entire course of the proceedings has several significant effects: if the sentence included a fine, abatement ab initio prevents recovery against the estate, and, ultimately, the heirs; the abated conviction cannot be used in any related civil litigations against the estate; and arguably the family is comforted by restoration of the decedent's "good name."
* * * * * *
In the instant case, it has been made known to the Court as a fact, supported by the Official Death Certificate of the State of Florida, that appellant, Rick Pauline died in Tampa, Florida, on April 15, 1980. Based on our holding today, the motion for reconsideration is granted, the appeal is dismissed as moot, and the case is remanded with directions to the District Court to vacate the judgment and dismiss the indictment.
This Court has held that a judgment of conviction in a lower court removes the presumption of innocence and the judgment is considered to be valid. In Nicholson v. State, 254 So.2d 881, 884 (Miss. 1971), the Court said:
The basis for so holding is that unless and until the judgment of the trial court is reversed, the defendant stands convicted, is no longer presumed to be innocent of the crime for which he is convicted, and may be impeached by that conviction... . When a jury in circuit court returns a verdict of guilty, it is a conviction of the crime charged, and unless and until it is reversed by this Court, the conviction stands, and may be used for impeachment purposes....
See also Jackson v. State, 418 So.2d 827 (Miss. 1982).
The Indiana Supreme Court in Whitehouse v. State, 266 Ind. 527, 364 N.E.2d 1015, 1016 (Ind. 1977), expressed the minority view as follows:
We do not see that the dismissal of the appeal, without more, denies any rights granted or protected by the statutes or the constitutional provisions. Such rights were personal to and exclusively those of the defendant. Although a criminal conviction carries a definite "fall-out" that extends beyond the person of the defendant, we are aware of no right to be free of such, even if such conviction be erroneous. I may no more appeal my brother's conviction than I may enter his guilty plea.
The determination of a disposition to be made of proceedings cast into limbo by the death of the defendant-appellant appears, to us, to be one of policy only. It has been the policy of this Court to dismiss such appeals, not out of compassion for the memory of the appellants or for those persons whose interests may have been adversely affected by the fall-out. As stated in Raymond v. State [(1965) 246 Ind. 422, 206 N.E.2d 139], supra, and cases there cited, if the judgment of the trial court were affirmed, it would, nevertheless be impossible of execution. If it were reversed, the defendant would not be available for trial. It follows that no state interest can be served by proceeding. At the same time, a reversal can not benefit the defendant.
In none of the cases reviewed have survivor interests of third parties been suggested. Undoubtedly, in some cases, the standing conviction may be consequential to such interests. Such, however, could not have been a factor for consideration in the trial proceedings and could not have been a factor in the appeal, had it been concluded. The presumption of innocence falls with a guilty verdict. At that point in time, although preserving all of the rights of the defendant to an appellate review, for good and sufficient reasons we presume the judgment to be valid, until the contrary is shown. To wipe out such a judgment, for *592 any reason other than a showing of error, would benefit neither party to the litigation and appears to us likely to produce undesirable results in the area of survivor's rights in more instances that it would avert an injustice. It, therefore, is our opinion that it would be unwise for us to reach out to adopt a policy favoring survivor interests of questionable validity. In arriving at this decision, we do not cut off any rights that survivors may now or hereafter have. Whether or not the bona fides of a conviction may yet be tested by survivors in cases where the appeals were aborted by death is a question best left for litigation confined within the parameters of the interests claimed.
Although the question presented here was not raised, in five recent cases this Court dismissed the appeals as moot without vacating the judgment.
We believe that the minority rule is sound when considering our decisions on the validity of judgments.[1] Therefore, the motion to abate and vacate the judgment of conviction is overruled and the State's motion to dismiss the appeal as moot is sustained.
APPEAL DISMISSED AS MOOT.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Suppose a so-called "mad dog killer" was convicted of capital murder and sentenced to death for an atrocious, heinous and especially cruel crime. His conviction was appealed here as required by law, but before decision by this Court he died. Under the majority rule, the judgment of conviction and indictment would be vacated and dismissed  an obvious miscarriage of justice.