492 So.2d 288 (1986)
Bob Lee BERRYHILL,
v.
STATE of Mississippi.
CC No. 2477.
Supreme Court of Mississippi.
July 23, 1986.
Paul S. Funderburk, Tupelo, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON MOTION TO DISMISS APPEAL
ROY NOBLE LEE, Presiding Justice, for the Court:
Bob Lee Berryhill was convicted October 4, 1985, in the Circuit Court of Alcorn County on a charge of possessing a controlled substance, hydromorphone, and was sentenced to serve a term of twenty (20) years in custody of the Mississippi Department of Corrections, and to pay a fine of thirteen thousand dollars ($13,000). He perfected an appeal to this Court.
The State of Mississippi has filed a Suggestion of Death of Appellant Berryhill and Motion to Dismiss his appeal. Attached to the motion is a certified copy of the death certificate from the State of Mississippi indicating that on March 6, 1986, Berryhill died of a shotgun wound to the chest. The State relies upon the authority of Haines v. State, 428 So.2d 590 (Miss. 1983), adopted by a unanimous Court. The attorney for Berryhill responded and moved the Court to dismiss the appeal, but to vacate the judgment of the Alcorn County Circuit Court and remand the case to the lower court with instructions to dismiss the indictment against appellant, arguing that:
Death should not deprive an innocent person who has been wrongfully and illegally convicted of his right to clear his name on appeal. Therefore, this Court should reverse its ruling in Haines, and adopt the majority rule as set forth in [United States v.] Pauline [625 F.2d 684 (5th Cir.1980)].
In Haines v. State, supra, we noted that the majority of jurisdictions in the United States, including the Federal courts, apply the rule requested by Haines' attorneys, being the same rule urged upon us here, and that such cases hold an appeal should *289 be dismissed as moot and the case remanded to the trial court with instructions to vacate the judgment and dismiss the indictment. In Haines, we discussed United States v. Pauline, 625 F.2d 684, 685 (5th Cir.1980), which follows the majority rule. Also, we discussed and relied upon Whitehouse v. State, 266 Ind. 527, 364 N.E.2d 1015 (Ind. 1977), which expresses the minority view, and we said:
We believe that the minority rule is sound when considering our decisions on the validity of judgments. Therefore, the motion to abate and vacate the judgment of conviction is overruled and the State's motion to dismiss the appeal as moot is sustained.
428 So.2d at 592.
Following Haines, we likewise overrule the Motion to Abate and Vacate the judgment of conviction and sentence of the court and sustain the State's Motion to Dismiss the appeal as moot.
APPEAL DISMISSED AS MOOT.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.