STATE of Utah, Plaintiff and Appellee,

v.

**Edward Dean CHRISTENSEN,
Defendant and Appellant.**

No. 910336–CA.

Court of Appeals of Utah.

Dec. 3, 1992.

Tom Jones, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and J. Frederic Voros, Jr., Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

**OPINION**

GREENWOOD, Judge:

Defendant Edward Dean Christensen filed this appeal challenging his convictions of failing to file state income tax returns and failing to pay state income tax. He was sentenced to several jail terms, several prison terms and ordered to pay fines, victim reparation surcharges and restitution for unpaid taxes. During the pendency of the appeal, defendant died.

We must first determine whether defendant's death has mooted all or part of the judgment against defendant. In *State v. Fanalous*, 99 Utah 322, 106 P.2d 163 (1940) (per curiam), the Utah Supreme Court held that when a defendant dies during the pendency of an appeal in a criminal case, "the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates *in toto*, whatever be the judgment appealed from." *Id.*, 106 P.2d at 163.

 Both parties agree that when a criminal defendant dies during the pendency of an appeal, the appeal abates and is void. However, the State urges this court to rule that the restitution order remains in effect. We decline to do so. Restitution is part of the court's judgment and is dependent upon a finding of guilt. Utah Code Ann. §§ 76–3–201 and 77–18–1 (Supp. 1992). In addition, Utah's restitution statute allows the court to order restitution of up to twice the amount of pecuniary damages or less if appropriate. Section 76–3–201(3)(a)(i) and (3)(b). Therefore, restitution is partly punitive in nature, as well as designed to provide compensation to the victim, and once the conviction is void the restitution order also becomes void. *But see United States v. Dudley*, 739 F.2d 175, 178 (4th Cir.1984) (restitution order survived death of defendant). The State, of course, can seek to recover outstanding delinquent taxes from Defendant's estate in a separate civil action.

Based on *Fanalous* and the Utah restitution statutes, we conclude that on defendant's death the judgment against him, in-

cluding the restitution order, abated *in toto*.

BENCH and BILLINGS, JJ., concur.