STATE of Utah, Plaintiff and Petitioner,

v.

Edward Dean CHRISTENSEN, Defendant and Respondent.

No. 920586.

Supreme Court of Utah.

Dec. 29, 1993.

R. Paul Van Dam, Atty. Gen., J. Frederic Voros, Jr., Asst. Atty. Gen., for plaintiff and petitioner.

Tom Jones, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

The State of Utah petitions for review of the court of appeals' ruling that the judgment of conviction against defendant, including a restitution order, abated *in toto* on defendant's death. We reverse and remand.

In 1991, defendant Edward Dean Christensen was charged with two counts of failure to pay state income tax, a class B misdemeanor, in violation of Utah Code Ann. § 59–14A–92(5) (Supp.1986); four counts of failure to file a tax return, a third degree felony, in violation of Utah Code Ann. § 59–1–401(6)(b) (1987); and four counts of failure to pay state income tax, a second degree felony, in violation of Utah Code Ann. § 59–1–401(6)(c) (1987). Christensen was convicted on all counts. He was sentenced to several jail terms and several prison terms. He was also ordered to pay fines, victim restitution surcharges, and restitution for all unpaid taxes for the period 1984 through 1989.

Christensen appealed his convictions. During pendency of the appeal, Christensen died. The court of appeals required the parties to prepare memoranda outlining their positions on the issue of whether Christensen's death abated all or part of the criminal action. The court of appeals held that the judgment of conviction against Christensen, including the restitution order, abated *in toto* on Christensen's death.[1] The court of appeals relied on this court's decision in *State v. Fanalous*,[2] where we held that when a defendant dies during the pendency of an appeal in a criminal case, the criminal action does not survive, but abates upon the defendant's death.[3] The court of appeals reasoned that in addition to the judgment of conviction against defendant, the restitution order abates as well because "[it] is part of the court's judgment and is dependent upon a finding of guilt."[4] The court of appeals further relied on Utah's restitution statute, which allows an order of restitution of up to twice the amount of pecuniary damages or less if appropriate,[5] reasoning that because restitution is punitive in nature as well as designed to compensate the victim, once a conviction is void, the restitution order is also rendered void.[6]

The State challenges only the portion of the court of appeals' ruling regarding abatement of the restitution order. Therefore, the sole issue on appeal is whether the court of appeals correctly concluded that when defendant died during the pendency of

---

1. *State v. Christensen*, 843 P.2d 1043, 1043–44 (Utah Ct.App.1992).

2. 99 Utah 322, 106 P.2d 163 (1940) (per curiam).

3. 106 P.2d at 163.

4. *Christensen*, 843 P.2d at 1043 (citing Utah Code Ann. §§ 76–3–201, 77–18–1 (Supp.1992)).

5. *Id.* (citing Utah Code Ann. § 76–3–201(3)(a)(i), (3)(b)).

6. *Id.*

appeal, the restitution order abated.[7] The court of appeals' determination involves a question of law. When reviewing questions of law, we accord no particular deference to the conclusions of law made by the court of appeals but review them for correctness.[8]

The State contends that Utah statutory law provides that a criminal restitution award shall have the same effect as a civil judgment[9] and that because a civil judgment survives the death of a judgment debtor, so should a restitution award.[10] The State further contends that *Fanalous* held that only criminal judgments abate upon a defendant's death and that the *Fanalous* holding was based on the premise that criminal judgments are "wholly punitive" in nature. According to the State, *Fanalous* is not dispositive of this issue because it did not anticipate Utah's restitution statute.

The State points to *United States v. Dudley*,[11] a decision out of the Fourth Circuit Court of Appeals that distinguished between fines and prison terms, which abate upon a defendant's death,[12] and restitution awards, which do not.[13] The State urges us to limit *Fanalous* to fines and prison sentences, which are purely penal, to follow *Dudley*, and to hold that restitution awards survive a defendant's death.

■ There is no question but that upon Christensen's death, the sentences to prison terms and the levy of criminal fines, being purely penal, abated. That is this court's holding in *Fanalous*.[14] However, the order of restitution in the exact amount of taxes owing stands on a different footing. This order was not a criminal penalty because it ordered payment of *only* the amount of taxes Christensen owed, plus penalties and interest. This is no different from what is required of any other taxpayer. *Fanalous* did not deal with such an order and is not controlling. The legislature has made such an order the equivalent of a civil judgment.[15] Civil judgments do not abate upon the death of a judgment debtor pending appeal.[16] The appeal continues unaffected by the death except for the proper substitution of parties for the deceased appellant.

In *Fanalous*, we stated the issue to be decided as "Has the *appeal* abated?" and we concluded that it had.[17] We did not go further, as we are now urged to do, and wipe out the conviction as if the defendant had never been charged. As will be seen *infra*, a number of courts have declined to so rule.

■ Some older cases from other jurisdictions state that the conviction abates "ab initio." We have never subscribed to that extreme and now discredited theory, however, and we do not adopt it now. More recent cases reject the abates-ab-initio theory and instead simply abate or sometimes dismiss the appeal.[18] Typical of such modern cases

---

7. At the time of oral argument, in response to a query from the court, it came to light that since Christensen's death, no substitution of a party had been made. While not an issue on appeal, the issue may need to be addressed on remand.

8. *Allen v. Utah Dep't of Health*, 850 P.2d 1267, 1269 (Utah 1993); *Landes v. Capital City Bank*, 795 P.2d 1127, 1129 (Utah 1990).

9. The State points to Utah Code Ann. § 77–18–6, which provides:
   A judgment which orders the payment of a fine or payment of restitution to a victim pursuant to Section 76–3–201 constitutes a lien when recorded in the judgment docket and shall have the same effect and is subject to the same rules as a judgment for money in a civil action.

10. The State relies on Utah Code Ann. § 78–22–1.1, which states:
    A judgment rendered where a party dies after a verdict or decision upon any issue of fact, and before judgment, is not a lien on the real property of the deceased party, but is payable in the course of the administration of his estate.

11. 739 F.2d 175 (4th Cir.1984).

12. 739 F.2d at 176.

13. *Id.* at 178.

14. 106 P.2d at 168.

15. *See* Utah Code Ann. § 77–18–6.

16. *See* Utah Code Ann. § 78–22–1.1; 1 C.J.S. *Abatement & Revival* § 128 (1985).

17. 106 P.2d at 168.

18. *See* Tim A. Thomas, Annotation, *Abatement of State Criminal Cases by Accused's Death Pending*

is *Whitehouse v. State*,[19] where upon the death of the defendant pending his appeal, his counsel moved the court to remand the case to the trial court to dismiss the charges. He argued that under the federal and Indiana constitutions, the defendant had a right of appeal and now that his death had frustrated those appeal rights, "all of the proceedings had in the prosecution from its inception should abate."[20] The Supreme Court of Indiana denied the motion and instead simply dismissed the appeal. The court wrote:

> We do not see that the dismissal of the appeal, without more, denies any rights granted or protected by the statutes or the constitutional provisions. Such rights were personal to and exclusively those of the defendant. Although a criminal conviction carries a definite "fall-out" that extends beyond the person of the defendant, we are aware of no right to be free of such, even if such conviction be erroneous. I may no more appeal my brother's conviction than I may enter his guilty plea.
>
> . . . .
>
> ... The presumption of innocence falls with a guilty verdict. At that point in time, although preserving all of the rights of the defendant to an appellate review, for good and sufficient reasons we presume the judgment to be valid, until the contrary is shown. To wipe out such a judgment, for any reason other than a showing of error, would benefit neither party to the litigation and appears to us likely to produce undesirable results in the area of survivor's rights in more instances than it would avert an injustice.[21]

The Mississippi Supreme Court in *Haines v. State*,[22] relying in part on *Whitehouse*,

refused to dismiss the indictment of the defendant when he died pending his appeal from a murder conviction. The court noted that when a jury returns a verdict of guilty, it is a conviction and unless and until it is reversed on appeal, the conviction stands and may be used for impeachment purposes.[23] The court simply dismissed the appeal as moot when the defendant died.[24] In rejecting the defendant's motion to dismiss the indictment, the court observed that it would be an obvious miscarriage of justice to vacate the conviction and indictment.[25]

Other states have held that the prosecution is not abated from the beginning and that the conviction stands, but the appeal may proceed despite the defendant's death. Those courts stress that it is in the interest of society to have a complete review of the merits of criminal cases inasmuch as collateral proceedings, such as those designed to prevent a defendant from profiting from a crime or the right to take by will or inherit, may be affected by the criminal proceedings.[26]

In the only case cited to us or that has been found involving a restitution order, the Fourth Circuit refused to dismiss the appeal and remand the case with directions to vacate the judgment of conviction and dismiss the indictment. There, as in the instant case, a statute provided that a restitution order may be enforced in the same manner as a judgment in a civil action. The court held that on the death of the defendant pending appeal, his prison sentence and the levy of a fine abated. However, the restitution order was unaffected and did not abate by reason of the defendant's death.[27]

█ In conclusion, we hold that defendant's conviction is not abated but remains

*Appeal—Modern Cases*, 80 A.L.R.4th 189 (1990) [hereinafter Annotation].

**19.** 266 Ind. 527, 364 N.E.2d 1015 (1977).

**20.** *Id.* 364 N.E.2d at 1016.

**21.** *Id.*

**22.** 428 So.2d 590 (Miss.1983).

**23.** *Id.* at 591 (citing *Nicholson v. State*, 254 So.2d 881, 884 (Miss.1971)).

**24.** *Id.* at 592.

**25.** *Id.* at n. 1; *see also Berryhill v. State*, 492 So.2d 288 (Miss.1986) (appeal of deceased appellant dismissed as moot).

**26.** *See* Annotation at 196–97.

**27.** *Dudley*, 739 F.2d at 176–78.

intact. This case is remanded to the court of appeals to hear defendant's appeal on its merits insofar as it bears on the restitution order. If that court affirms the trial court, the civil judgment remains valid and enforceable. If there is a reversal or a remand, defendant cannot be retried and the civil judgment abates.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.