897 P.2d 967

**STATE of Hawaiʻi, Plaintiff–Appellee,**

v.

**George MAKAILA, Defendant–Appellant.**

**No. 18553.**

Supreme Court of Hawaiʻi.

June 14, 1995.

Paul J. Cunney, on the briefs, Honolulu, for defendant-appellant George Makaila.

Alexa M. Fujise, Deputy Pros. Atty., on the briefs, Honolulu, for plaintiff-appellee, State of Hawai'i.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

Counsel for the defendant-appellant George Makaila, deceased, moves this court for reconsideration of its April 10, 1995 order dismissing the appeal and denying his motion to vacate Makaila's judgment of conviction for murder.

For the following reasons, we grant the motion for reconsideration in part and vacate our order dismissing the appeal. Pursuant to Hawaii Rules of Appellate Procedure (HRAP) Rule 43(a) [1], this court will consider a motion for substitution of party and allow the appeal to proceed on the merits as provided herein.

To the extent that *State v. Gomes*, 57 Haw. 271, 554 P.2d 235 (1976), is inconsistent with this opinion, it is overruled.

## I. BACKGROUND

Makaila was convicted of a single count of murder, in violation of Hawaii Revised Statutes (HRS) § 707–701 (1985), and was sentenced to life imprisonment with the possibility of parole. Makaila timely filed a notice of appeal on November 16, 1994. On February 26, 1995, while the appeal was pending, Makaila died of cancer. On March 22, 1995, counsel for Makaila filed a one paragraph motion asking the court to vacate the judgment of conviction and abate the prosecution pursuant to *Gomes*.[2] Instead of vacating the judgment of conviction, we issued an order dismissing the appeal pursuant to HRAP Rule 43(a).

On April 19, 1995, counsel for Makaila moved for reconsideration. Counsel asked this court to abide by its prior decision in *Gomes* and vacate the judgment of conviction. Counsel asserted that the family of George Makaila had an interest in seeing the conviction vacated and opined that this interest was protected by the due process clauses of the United States and Hawai'i Constitutions. In an appended affidavit, a Makaila family member stated that the family sought

---

1. HRAP Rule 43(a) provides:
   (a) **Death of a Party.** If a party dies after notice of appeal is filed or while the proceeding is otherwise pending in a Hawaii [Hawai'i] appellate court, that court may substitute the personal representative of the deceased party as a party on motion filed by the representative or by any party with the clerk of the Supreme Court. The motion of a party shall be served upon the representative in accordance with the provisions of Rule 25. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as that court shall direct. If a party against whom an appeal may be taken dies after entry of judgment or order in the court or agency appealed from but before a notice of appeal is filed an appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution shall be effected in the Hawaii [Hawai'i] appellate courts in accordance with this subdivision. If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by [the party's] personal representative, or, if [the party] has no representative, by [the party's] attorney of record within the time prescribed by these rules. After the notice of appeal is filed substitution shall be effected in the Hawaii [Hawai'i] appellate courts in accordance with this subdivision.

2. In *State v. Gomes*, this court held that, upon the death of a criminal defendant pending appeal from a judgment of conviction, the judgment of conviction should be vacated and the criminal prosecution abated. *Gomes*, 57 Haw. at 271, 554 P.2d at 236.

to have Makaila's name vindicated by appeal or by vacation of the conviction.

Recognizing that our order of dismissal was a departure from our earlier ruling in *Gomes,* we (1) directed the State to file a response to the motion to vacate judgment and (2) allowed counsel for Makaila to file a reply to the State's memorandum. In its response, the State acknowledged the *Gomes* rule, but queried whether this court should reevaluate the holding.

The issue for our consideration is whether a judgment of conviction following a trial on the merits in a criminal case must be vacated and the prosecution abated when a defendant dies pending his or her appeal.

## II. *DISCUSSION*

The federal courts have consistently held that death pending appeal· of a criminal conviction from the trial court abates not only the appeal, but also all proceedings in the prosecution from its inception. Annotation, *Abatement Effects of Accused's Death Before Appellate Review of Federal Criminal Conviction,* 80 A.L.R. Fed. 446 (1986). Where a defendant dies pending appeal, the appeal is dismissed and the cause remanded to the trial court with instructions to vacate the judgment and dismiss the indictment. *See, e.g., United States v. Oberlin,* 718 F.2d 894, 895 (9th Cir.1983). Such abatement prevents recovery against the decedent's estate if there is a fine, and the abated conviction cannot be used in any related civil litigation against the estate. *Oberlin,* 718 F.2d at 895 (citations omitted). The rationale has been expressed as follows:

**3.** In addition to Hawai'i, in *State v. Gomes,* the following states have issued opinions adhering to the majority rule: Alaska, Arizona, California, Colorado, Florida, Idaho, Iowa, Louisiana, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, South Dakota, Tennessee, Utah, and Wyoming. 80 A.L.R. 4th at 192–194.

**4.** In *State v. Christensen,* the Utah Supreme Court allowed an appeal to continue only where the sentence included a restitution order; the defendant had been convicted of failing to file a state tax return and pay state taxes, was sentenced to several prison terms, and was ordered to pay as restitution the amount of taxes owed. Following his death, the prosecution moved for

[W]hen an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence."

*United States v. Moehlenkamp,* 557 F.2d 126, 128 (7th Cir.1977) (quoting *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956)). When, however, a criminal defendant dies pending a discretionary petition for writ of certiorari to the United States Supreme Court, the petition has been dismissed and the conviction stands. *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976).

The majority of state jurisdictions also abate the prosecution *ab initio. See* Annotation, *Abatement of State Criminal Cases by Accused's Death Pending Appeal of Conviction—Modern Cases* 80 A.L.R. 4th 189 (1990).[3] As an alternative, a second group of states has allowed the appeal to be decided on the merits after the death of a criminal defendant. *See, e.g., State v. Jones,* 220 Kan. 136, 137, 551 P.2d 801, 804 (1976); *Gollott v. State,* 646 So.2d 1297 (Miss.1994); *State v. McGettrick,* 31 Ohio St.3d 138, 31 OBR 296, 509 N.E.2d 378 (1987); *Commonwealth v. Walker,* 447 Pa. 146, 147–48, 288 A.2d 741, 742 (1972); *State v. Christensen,* 866 P.2d 533 (Utah 1993);[4] *State v. McDonald,* 144 Wis.2d 531, 424 N.W.2d 411 (1988).

the restitution order to continue after death. The court of appeals ruled that the judgment of conviction, including the restitution order, abated completely upon the defendant's death. On review, the Utah Supreme Court held that, where a criminal defendant died during the pendency of an appeal from a judgment that included payment of restitution, the court of appeals was required to hear the defendant's appeal on the merits insofar as it was related to the restitution order. If the appeals court affirmed the trial court, the judgment for restitution would remain valid and enforceable. If there was a reversal or a remand, the defendant could not be retried and the judgment would abate. *Christensen,* 866 P.2d at 537.

For example, in *McGettrick*, the Ohio Supreme Court expressed dissatisfaction with both the majority rule and the alternative, *i.e.*, leaving the conviction in place while dismissing the appeal. The court explained its dilemma as follows:

> To hold as the appellant seeks us to hold would effectively preclude a convicted criminal defendant from exercising his constitutional right to a direct review of his criminal conviction.[5] This would be so even if there was a major prejudicial error committed before or during trial, or, not inconceivable, it was later shown that the deceased had not committed the crime for which he had been convicted. Such a holding would be violative of the convicted defendant's fundamental rights, even though he be deceased.
>
> Alternately, the defendant-appellee's counsel would have us hold that the death of the defendant during the pendency of his appeal renders the appeal moot and since such defendant would not have had his full right of review, the appeal should be dismissed, the original judgment of conviction vacated and the original indictment dismissed. To accept appellee's position would require us to ignore the fact that the defendant has been convicted and, therefore, no longer stands cloaked with the presumption of innocence during the appellate process. Such a holding would not be fair to the people of this state who have an interest in and a right to have a conviction, once entered, preserved absent substantial error.

*McGettrick*, 31 Ohio St.3d at 140–41, 509 N.E.2d at 380. Consequently, the court declined either alternative offered by the parties and allowed, by motion, for the substitution of another person for the deceased criminal defendant, in accordance with an appellate rule similar to our own. *McGettrick*, 31

Ohio St.3d at 141–43, 509 N.E.2d at 381–82.[6] If no personal representative were appointed within a reasonable period of time, the State could suggest the death on the record, and the appellate court could substitute any proper party, including the decedent's attorney of record, as a party-defendant and proceed with the appeal. *Id.* If no substitution were sought, the *McGettrick* court indicated that the court of appeals could dismiss the appeal as moot and vacate the original conviction and all related criminal proceedings. *Id.*

In reaching what it regarded as the best solution, the *McGettrick* court noted that it was in the interests of the defendant, the defendant's estate, and society that any challenge initiated by a defendant to the regularity of a criminal proceedings be fully reviewed and decided by the appellate process. *See also Jones*, 551 P.2d at 801 (the interests of the family of the defendant and the public in the final determination of a criminal case, as well as the fact that collateral rights might be affected by the criminal proceeding, warranted the conclusion that the appeal should be adjudicated on its merits despite the defendant's death); *Walker*, 288 A.2d at 743 (the Pennsylvania Supreme Court, rejecting a motion by the defense for abatement *ab initio* and a motion by the prosecution to dismiss, concluded that it was in the interests of both the defendant's estate and society that any challenge initiated to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process).

Similarly, in *McDonald*, the Wisconsin Supreme Court recognized that a criminal defendant's right to a direct appeal is an integral part of a final determination of the merits of the case and serves as a safeguard to protect defendants against errors in criminal proceedings. Moreover, because collater-

---

**5.** A criminal defendant in Hawai'i does not have a constitutional right to a direct appeal, but there is such a statutory right. *Briones v. State*, 74 Haw. 442, 460, 848 P.2d 966, 975 (1993).

**6.** Ohio Appellate Rule 29(A) is similar to HRAP Rule 43(a) and provides in relevant part:

> If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in

the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative or by any party, with the clerk of the court of appeals ... [i]f the deceased party has no representative, any party may suggest the death on the record and proceedings shall be had as the court of appeals may direct....

*McGettrick*, 31 Ohio St.3d at 141–42, 509 N.E.2d at 381.

al proceedings could be affected by the outcome of a criminal case, the *McDonald* court ruled that it was in the interest of society to have a complete review of the merits of the criminal proceeding. Having determined that society and the deceased's estate both have real interests in a final determination of the defendant's appeal, the court held that the criminal appeal should continue. *McDonald*, 144 Wis.2d at 539, 424 N.W.2d at 415.[7]

In *Gollott*, the Mississippi Supreme Court overruled previous decisions that required the dismissal of an appeal while letting the criminal conviction stand when a criminal defendant died pending appeal. To explain its change of view, the court stated:

> We are no longer of the opinion that the abatement *ab initio* rule obviously results in a "miscarriage of justice." There are essentially three reasons for penal statutes in our justice system: (1) to protect society from dangerous individuals; (2) to hopefully rehabilitate convicted criminals; and (3) to deter others from violating the law. Following the abatement *ab initio* rule does not undermine any of these purposes. What is obvious is that society needs no protection from the deceased, nor can the deceased be rehabilitated. Moreover, other potential criminals will be no less deterred from committing crimes. In the abatement *ab initio* scheme, the judgment is vacated and the indictment is dismissed, but only because the convicted defendant died. Surely this would not give peace of mind to the criminally inclined.

*Gollott*, 646 So.2d at 1300. The *Gollott* court, however, refused to adopt the majority rule completely, but instead followed the rationale of *McGettrick*, which allowed for the substitution of any person for a deceased criminal defendant pursuant to Mississippi Supreme Court Rule 43(a). If no substitution were

requested, the *Gollott* court determined that the majority rule in effect in the federal courts and most state courts, *i.e.*, abatement *ab initio*, was the most appropriate course of action. *Gollott*, 646 So.2d at 1304.[8]

A third group of jurisdictions simply dismisses the pending criminal appeal outright and permits the conviction to stand. *See, e.g., Whitehouse v. State*, 266 Ind. 527, 364 N.E.2d 1015 (1977); *Royce v. Commonwealth*, 577 S.W.2d 615 (Ky.1979) (despite the adherence to the majority view by a court of appeals opinion, the Kentucky Supreme Court disapproved the opinion and dismissed an appeal *sua sponte* after defense counsel moved for vacation of the entire criminal proceeding upon the defendant's death); *Commonwealth v. De La Zerda*, 416 Mass. 247, 619 N.E.2d 617 (1993) (holding that Massachusetts follows the majority rule with respect to direct appeals; however, where a conviction has been confirmed on direct appeal and there is a subsequent collateral attack on the conviction, the appeal stemming from the collateral attack is dismissed when the defendant dies pending the appeal); *State v. Anderson*, 281 S.C. 198, 314 S.E.2d 597 (1984); *Vargas v. State*, 659 S.W.2d 422, 423 (Tex.Crim.App.1983).[9]

For example, in *Whitehouse*, the defendant, convicted of murder in the first degree and sentenced to life imprisonment, died while his appeal was pending. Defense counsel moved for remand to the trial court with instructions to dismiss the appeal pursuant to the established rule in the federal courts. Counsel further argued that the defendant had a constitutional and statutory right to appeal and that all proceedings should be dismissed because his appeal rights had been frustrated.

Rejecting counsel's argument, the Indiana Supreme Court dismissed the appeal, and explained that:

> because of the death of the defendant, the prosecution is required to move for an order of dismissal. *State v. Kaiser*, 297 Or. 399, 683 P.2d 1004 (1984).

---

**7.** In issuing its opinion, the Wisconsin Supreme Court overruled *State v. Krysheski*, 119 Wis.2d 84, 349 N.W.2d 729 (Ct.App.1984), which held that the death of a criminal defendant pending direct appeal abates all prior proceedings.

**8.** One state, Oregon, has rejected the practice of substituting parties in criminal appeals. Pursuant to an appellate rule, ORAP 12.11, on abatement of an appeal from a conviction of a crime

**9.** The State cites a Mississippi decision, *Haines v. State*, 428 So.2d 590 (Miss.1983), as following this minority view. *Haines*, however, was overruled by *Gollott*, 646 So.2d at 1300.

We do not see that the dismissal of the appeal, without more, denies any rights granted or protected by the statutes or the constitutional provisions. Such rights were personal to and exclusively those of the defendant. Although a criminal conviction carries a definite "fall-out" that extends beyond the person of the defendant, we are aware of no right to be free of such, even if such conviction be erroneous. I may no more appeal my brother's conviction than I may enter his guilty plea.

The determination of a disposition to be made of proceedings cast in limbo ·by the death of the defendant-appellant appears to us[ ] to be one of policy only.

. . . .

... The presumption of innocence falls with a guilty verdict. At that point in time, although preserving all of the rights of the defendant to an appellate review[ ] for good and sufficient reasons[,] we presume the judgment to be valid, until the contrary is shown. To wipe out such a judgment, for any reason other than a showing of error, would benefit neither party to the litigation and appears to us likely to produce undesirable results in the area of survivor's rights in more instances than it would avert injustice. It therefore[ ] is our opinion that it would be unwise for us to reach out to adopt a policy favoring survivor rights of questionable validity. In arriving at this decision, we do not cut off any rights that survivors may now or hereafter have. Whether or not the bona fides of a conviction may yet be tested by survivors in cases where the appeals were aborted by death is a question best left for litigation confined within the parameters of the interests claimed.

*Whitehouse*, 266 Ind. at 529–30, 364 N.E.2d at 1016.

Although we recognize that the ruling espoused in *Gomes* remains the majority view, we have reservations concerning the continued application of *Gomes* without modification. Upon the death of a criminal defendant pending appeal, it seems unreasonable automatically to follow the abatement *ab initio* rule and pretend that the defendant was never indicted, tried, and found guilty. Similarly, outright dismissal of the appeal—without out the possibility of a review of the merits— seems equally unacceptable. Further, we recognize the importance of the interests advanced by both parties in the matter before us, although neither set of interests is of constitutional proportions. Makaila's family seeks "vindication" of the deceased. The State has an interest in preserving the presumptively valid judgment of the trial court. A resolution of the matter of going forward with the appeal in the circumstances before us involves a policy decision that rests solely within the discretion of this court pursuant to HRAP Rule 43(a). Thus, we conclude that the rule and rationale enunciated by the Ohio Supreme Court in *McGettrick* fashions a fair compromise between the competing interests.

By its plain language, HRAP Rule 43(a) [10] allows for the substitution of a party for a deceased criminal defendant. We therefore hold, as did the *McGettrick* court, that the appellate substitution rule permits a defendant's personal representative or the State to file a motion for substitution within a reasonable time after death. The appellate court may, in its discretion, allow for substitution of a proper party-defendant. Absent such a motion, the appellate court may, in its discretion, either (1) dismiss the appeal as moot, vacate the original judgment of conviction, and dismiss all related criminal proceedings, or, in the alternative, (2) enter such other order as the appellate court deems appropriate pursuant to HRAP Rule 43(a). Our holding applies only to direct appeals as of right.[11] When a criminal defendant dies pending a discretionary petition to this court, the petition will be dismissed as moot, and the conviction will stand. *See Dove v. United States, supra.*

10. *See supra* note 1.

11. Where a conviction is affirmed on direct appeal and there is a subsequent collateral attack on the conviction, the appeal stemming from the collateral attack should be dismissed if the defendant dies pending appeal from the collateral judgment.

**46**

### III. *CONCLUSION*

Based upon the foregoing, we vacate the order of dismissal and reinstate Makaila's appeal, subject to the proviso that within thirty days either party may move, pursuant to HRAP 43(a), for substitution of a proper party-defendant. If a motion for substitution is not filed within thirty days after entry of this opinion, further proceedings shall be had as this court may direct in accordance with HRAP Rule 43(a).